[Civ. No. 6500. Fourth Dist. Feb. 7, 1962.]

FRANK D. SHIELDS, Plaintiff and Appellant, v. DOUGLAS DeBRUCE SHIELDS, Defendant and Respondent.

Sosna & Platt and Shearn H. Platt for Plaintiff and Appellant.

Ratelle & Forest and L. R. Forest for Defendant and Respondent.

COUGHLIN, J.—The issue on this appeal is directed to the sufficiency of the evidence to sustain a finding and conclusion of the trial court that a conveyance of real property was made without consideration, and for this reason was not within the scope of a power of attorney authorizing the sale and conveyance.

The plaintiff, who is the appellant, the defendant, who is the respondent, and Ellice Margaret Dunbar, respectively, are brothers and sister. The plaintiff is the grantee in a deed in which his mother is the grantor; which was executed by his sister on behalf of his mother under a power of attorney; and which purports to convey to him a one-half interest in property formerly owned by his mother and the defendant as joint tenants. At one time the defendant was the sole owner of this property. The power of attorney was executed by the mother on August 11, 1959; authorized the sister, in the name and for the use and benefit of the mother, to ''sell, exchange, grant

or convey'' her real property; but did not contain any authority to make a gift thereof. From the evidence, it appears that the mother became ill in July 1959; was taken to her daughter's home in Long Beach; on the date indicated, executed the aforesaid power of attorney; and died the morning after the day the deed in question had been executed.

The plaintiff, appellant herein, brought this action to partition the property in which he had a claimed one-half interest. The defendant denied the existence of this interest, and by cross-complaint sought to quiet his title to the whole of the property, alleging that the conveyance to the plaintiff was without consideration; exceeded the authority vested in the sister under her power of attorney; and, therefore, was invalid. The court found in favor of the defendant; sustained his contentions; and entered judgment accordingly. The plaintiff appeals, contending that the evidence is insufficient to support the finding that the conveyance was without consideration.

■ A power of attorney conferring authority to sell, exchange, transfer or convey real property for the benefit of the principal does not authorize a conveyance as a gift or without a substantial consideration (*Alcorn* v. *Gieseke*, 158 Cal. 396, 401 [111 P. 98]; *Randall* v. *Duff,* 79 Cal. 115, 125 [19 P. 532, 21 P. 610, 3 L.R.A. 754]; *Mott* v. *Smith*, 16 Cal. 533, 557; *Bertelsen* v. *Bertelson,* 49 Cal.App.2d 479, 484 [122 P.2d 130]; *Bank of America* v. *Perry*, 41 Cal.App.2d 133, 136 [106 P.2d 53]); and a conveyance without the scope of the power conferred is void. (*Alcorn* v. *Gieseke, supra,* 158 Cal. 396, 401; *Alcorn* v. *Buschke,* 133 Cal. 655, 657 [66 P. 15]; *Randall* v. *Duff, supra,* 79 Cal. 115, 125; *Dupont* v. *Wertheman,* 10 Cal. 354, 367.)

■ In support of his position that the evidence is insufficient to sustain the finding that no consideration was given for the conveyance in question, the plaintiff relies upon his testimony, and that of his sister, that the deed was given in consideration for past and future support of their mother, and upon the presumption of consideration attaching to a written instrument. (Civ. Code, § 1614.) However, the weight to be given this testimony and to the presumption "was a matter solely and exclusively for the trial court." (*Bank of America* v. *Perry, supra,* 41 Cal.App.2d 133, 140.) ■ The trier of fact is free to disbelieve even the uncontradicted testimony of a witness if there is any rational ground for doing so. (*Hicks* v. *Reis,* 21 Cal.2d 654, 659-660 [134 P.2d 788].)

One of the reasons for disbelieving a witness is his interest in the case (*Hannah* v. *Pogue,* 23 Cal.2d 849, 859 [147 P.2d 572] ; *Blank* v. *Coffin,* 20 Cal.2d 457, 461 [126 P.2d 868] ; *Estate of Ramey,* 62 Cal.App. 413, 429 [217 P. 135] ), particularly where the real party in interest is dead. (*LaJolla Casa de Manana* v. *Hopkins,* 98 Cal.App.2d 339, 346 [219 P.2d 871].) In the case at bar, the evidence revealed not only that the plaintiff would benefit by the deed in question but also, by his testimony, that he intended that his sister would share in the proceeds of the property conveyed thereby and, by her testimony, that the transfer to her brother was for her benefit as well as his in that she would be reimbursed from the proceeds thereof for any ''bills'' she had paid.

When the sufficiency of the evidence to sustain a finding is contested on appeal, the sole issue for determination is whether there is any substantial evidence, contradicted or uncontradicted, direct or indirect, which will support the finding (*Primm* v. *Primm,* 46 Cal.2d 690, 693 [299 P.2d 231] ; *Church of Merciful Saviour* v. *Volunteers of America,* 184 Cal.App.2d 851, 856 [8 Cal.Rptr. 48] ) ; every inference reasonably deducible from the evidence will be accepted, whereas those which support a contrary finding will be rejected (*Hamilton* v. *Pacific Elec. Ry. Co.,* 12 Cal.2d 598, 602 [86 P.2d 829] ; *Wilbur* v. *Wilbur,* 197 Cal. 1, 7 [239 P. 332] ) ; and, in the course of this determination, the decision of the trier of fact upon all conflicts in the evidence, conflicting interpretations thereof, conflicting inferences which reasonably may be drawn therefrom, the credibility of the witnesses and the weight to be given their testimony are not subject to review. (*Blank* v. *Coffin, supra,* 20 Cal.2d 457, 461; *Church of Merciful Saviour* v. *Volunteers of America, supra,* 184 Cal.App.2d 851, 856.)

Not only was there a reliable basis for refusing to accept the testimony of the plaintiff and his sister respecting the existence of the consideration for the deed in question because of their interest in the case, but also because of contradictions existent in the evidence. The plaintiff was asked: ''Would you say that it was a gift deed to you?'' and he replied: ''That's right.'' Plaintiff's trial counsel, who is not his counsel on this appeal, stated to the trial court that the conveyance to the plaintiff was a gift from his mother, at one time referring to it as a ''gift in the true sense,'' which she wished to make because of services previously rendered to her

by the plaintiff and his sister. In addition, the evidence showed that most of the payments made to or on behalf of the mother had been made by the sister and not by the plaintiff; that many of them had been made some three to six years previously; that most of them were for nominal amounts; that the sister received $250 from the mother after the latter was taken to Long Beach; that the mother had a bank account; and that the sister attempted to have this bank account transferred to her on the same day that she executed the subject conveyance to her brother. The trial judge indicated that he did not believe the plaintiff, or his sister, and the evidence fully supports his conclusion in the premises.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.