348 So.2d 651 (1977)
Miriam BLOOM, Appellant,
v.
Rachela WEISER, Appellee.
Nos. 76-1414, 76-1415.
District Court of Appeal of Florida, Third District.
August 2, 1977.
*652 Brian R. Hersh and Jeffrey A. Bernstein, Miami, for appellant.
Keith, Mack, Lewis & Allison and John R. Allison, III, Miami, for appellee.
Before HENDRY, C.J., and BARKDULL and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Miriam Bloom, plaintiff in the trial court, appeals a final judgment quieting title in defendant, Rachela Weiser, and also an order awarding attorney's fees in an action to determine the ownership of a condominium unit.
On June 12, 1972 Joseph Weinberg purchased a unit in the Marlborough House Condominium and had the title placed in his name and that of his intended bride, Rachela Weiser, as joint tenants with rights of survivorship. Thereafter, on July 16, 1972 Weinberg executed and delivered to his son, Arthur Winter, a general power of attorney[1] which reads in pertinent part:
"KNOW ALL MEN BY THESE PRESENTS:
"THAT I, JOSEPH WEINBERG, residing at 400 Diplomat Parkway, Hallandale, Florida, have made, constituted and appointed, and by these presents do make, constitute and appoint my son, ARTHUR A. WINTERS, my true and lawful attorney for me and in my place, name and stead giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully, to all intents and purposes, as I might or could do if personally present, with full power and substitution and revocation, hereby ratifying and confirming all that my said attorney or his lawful substitute shall lawfully do or cause to be done by virtue hereof."
Pursuant to this power, on July 18 Winters, as agent and attorney-in-fact, executed and delivered to Miriam Bloom, daughter of Joseph Weinberg, a warranty deed purporting to transfer her father's one-half interest in the condominium unit. After her father's death, Miriam Bloom filed a complaint for declaratory judgment seeking to have the June 12, 1972 deed declared void as to Weiser's interest on the ground that this interest was obtained by undue influence. Alternatively, Bloom alleged that she had a one-half interest in the condominium by virtue of the July 18, 1972 deed which terminated Weiser's right of survivorship and on this basis requested the property be partitioned *653 and sold. Weiser answered denying (1) any undue influence on her part, and (2) the validity of the July 18 deed for the reason that the general power of attorney given to Winters was invalid. Weiser also counterclaimed to quiet title to the unit in her name and sought damages for slander of title, including attorney's fees. The action was tried non-jury and on July 2, 1976 a judgment was entered quieting title in Weiser based upon the following trial court findings: (1) there was no evidence of any undue influence and the June 12, 1972 warranty deed created a joint tenancy with right of survivorship for Joseph Weinberg and Rachela Weiser; (2) the general power of attorney given to Arthur Winters was insufficient to authorize the conveyance of the subject condominium unit because it lacked a description of the real property to be conveyed thereby failing to meet the requirements of the formalities of a deed of conveyance as set forth in Section 689.01, Florida Statutes (1971); and (3) the power of attorney being invalid, the July 1972 deed to Miriam Bloom is void. Thereafter, Weiser was awarded $4,000 as a reasonable attorney's fee on her claim for damages. Miriam Bloom appeals both the order awarding attorney's fees and the final judgment. We affirm.
The established rule is that a power of attorney must be strictly construed and the instrument will be held to grant only those powers which are specified. 3 Am.Jur.2d Agency § 29 (1962). We are of the view that for a power of attorney to authorize a conveyance of real estate, the authority of the agent to do so must be plainly stated. See 2A C.J.S. Agency § 223 (1972) and Hall v. Cosby, 258 So.2d 897 (Ala. 1972). Reviewing the power of attorney granted Winters, we find the instrument contains no specific grant of power authorizing him to convey real estate. Therefore, the July 18 deed executed by Winters and purporting to convey Weinberg's one-half interest in the subject condominium unit to Miriam Bloom is void.
It is interesting to note that the instant power of attorney, prepared and executed in New York, contains almost the identical wording of the power of attorney found to be insufficient to authorize the agent to convey or dispose of real estate in Graham v. State, Ct.Cl., 51 N.Y.S.2d 437 (1944) where the court at page 441 explained:
"A power of attorney to convey real estate is an instrument of title. Either expressly or by necessary implication it should state the authority of the agent without leaving it to be established by parol, inferred from coincidences or based on speculation. Real Property Law, § 242, is for the protection of the public. It is not merely a matter between principal and attorney. The deed and the agent's authority are instruments of equal dignity. The language of the so-called power of attorney herein confers no authority on Robert H. Dunnet. It lacks an operative clause. It is not a general power of attorney; he is authorized to act only `in and about the premises.' It is not a special power of attorney; no premises or things to be done appear on the face of the instrument. The document states nothing to which the grant of powers can be related. Drawn, as it would seem, on the usual blank form of special power of attorney, it omits after the words, `for me and in my name, place and stead,' the usual statement of specific acts authorized."
The July deed being void, the trial court properly entered judgment quieting title in Rachela Weiser.
Turning to the order awarding $4,000 in attorney's fees to Weiser, it is now established that such an award in a slander of title action is proper as special damages to compensate the wrong committed. See Glusman v. Lieberman, 285 So.2d 29 (Fla. 4th DCA 1973); Susman v. Schuyler, 328 So.2d 30 (Fla. 3d DCA 1976).
Judgment and order on attorney's fees affirmed.
NOTES
[1] Prepared by a New York attorney and executed by Weinberg in New York.