348 So.2d 570 (1977)
William A. JOHNSON, As Administrator Ad Litem for the Estate of Carmella Fraccacreta, Appellant,
v.
Delores FRACCACRETA, Paolo Fraccacreta, a/K/a Paul Fraccacreta, Neal Watson, Frank Fraccacreta, and Louise Watt, Jointly and Severally, Appellees.
No. 76-754.
District Court of Appeal of Florida, Fourth District.
June 17, 1977.
As Corrected On Rehearing August 12, 1977.
*571 Johnson, Ackerman & Bakst, P.A., and Larry Klein, West Palm Beach, for appellant.
Guy C. Hill, West Palm Beach, for appellee, Delores Fraccacreta.
MAGER, Chief Judge.
This appeal is concerned with the validity of a conveyance made pursuant to a power of attorney.
The administrator ad litem of the Estate of Carmella Fraccacreta, appellant, contends that the power of attorney issued by the decedent appointing her daughter Delores, appellee, as attorney in fact, did not authorize a conveyance by Delores of Carmella's property to Carmella and Paolo, husband of the decedent. Appellant contends that the conveyance constituted a gift of the subject property contrary to the general powers contained in the power of attorney.
The salient facts reflect that decedent owned the subject real property during her lifetime and executed a power of attorney appointing Delores as her attorney in fact. The power of attorney gave Delores the power to:
"Bargain, sell, release, convey and mortgage lands .. . upon such terms and conditions, and under such covenants, as she shall think fit and also for me and in my name as my act and deed to sign, sell, execute and deliver and acknowledge such deeds... ."
*572 As attorney in fact, Delores executed a warranty deed conveying Carmella's property to Paolo and Carmella, husband and wife, as tenants by the entireties. Carmella died several months after the execution of the power of attorney and the conveyance.[1]
The appellant contends that a general power of attorney does not authorize the agent to make a gift of the principal's property. Although it appears that there is no Florida case law directly on point, the general rule announced in other jurisdictions is set forth in 73 A.L.R. 884:
"A general power of attorney authorizing an agent to sell and convey property, even though it authorizes him to sell for such price and on such terms as to him shall seem proper, implies a sale for the benefit of the principal, and does not authorize the agent to make a gift of the property, or to convey or transfer it without a present consideration inuring to the principal." (Emphasis added).
See also Miyuki Okihara v. Clark, 71 F. Supp. 319 (D.Haw. 1947); Fujino v. Clark, 71 F. Supp. 1 (D.Haw. 1947), aff'd. 172 F.2d 384, 9 Cir., cert. den. 337 U.S. 937, 69 S.Ct. 1512, 93 L.Ed. 1743; Manna v. Pirozzi, 44 N.J. Super. 227, 130 A.2d 55 (1957); Shields v. Shields, 200 Cal. App.2d 99, 19 Cal. Rptr. 129 (1962); Bertelsen v. Bertelsen, 49 Cal. App.2d 479, 122 P.2d 130 (1942); Thompson v. Thompson, 190 Ga. 264, 9 S.E.2d 80 (1940).
The fact that some of the aforementioned cases are concerned with conveyance to a party other than the principal does not in our opinion alter the application of the rule to the instant situation. The subject property was owned by Carmella at the time the power of attorney and deed were executed, so that the conveyance by Delores to Carmella and Paolo was a gift to Paolo of a portion of Carmella's property by virtue of the creation of an estate by entireties with the right of survivorship. In Shields, supra, the California Fourth District Court of Appeal stated:
"A power of attorney conferring authority to sell, exchange, transfer or convey real property for the benefit of the principal does not authorize a conveyance as a gift or without a substantial consideration (citations omitted); and a conveyance without the scope of the power conferred is void." (citations omitted). 19 Cal. Rptr. 130-131.
Although appellee contends that the conveyance by Delores to Carmella and Paolo was not a gift but, rather, an estate planning device to avoid probate and its attendant costs so that Carmella did, in fact, receive consideration, we are referred nowhere in the record to any evidence in support of such contention.
The court must look to the language of the instrument, as with any other contract, in order to ascertain its object and purpose. The language of the agreement must be construed in such a manner so as to carry out the intent of the principal. We find no language in the subject power of attorney which expressly or impliedly indicates an intention to authorize a gift of the principal's property. An agent has no power to make a gift of his principal's property unless that power is expressly conferred upon the agent by the instrument or unless such power arises as a necessary implication from the powers which are expressly conferred. Nor are we presented with any competent substantial evidence of those circumstances surrounding the execution of the power of attorney that might be utilized as an aid in the construction of the language contained in the instrument. See 2A C.J.S. Agency § 151, pp. 772-3.
For the reasons set forth in the foregoing opinion we are persuaded that the entry of the summary final judgment appealed from was error. We further feel that the appellee failed to demonstrate the lack of a genuine issue of material fact in the trial court. This failure necessitates a remand for further proceedings relative to any existing issues of material fact.
*573 Accordingly, the summary final judgment appealed from is reversed and the cause is remanded for further proceedings consistent with our opinion as clarified.
GRANTED.
DOWNEY, J., concurs.
ANSTEAD, J., specially concurs, with opinion.
ANSTEAD, Judge, specially concurring:
I agree that the summary judgment should be reversed and the cause proceed on the merits. There is clearly an issue as to whether the conveyance was an unauthorized gift, and hence void, or was an authorized conveyance, done pursuant to the intent and direction of Carmella.
NOTES
[1] The record reflects that the deed was recorded and thereafter Paolo conveyed the property to Delores for no stated consideration and that Delores subsequently sold the property. The grantees ultimately conveyed the property back to Delores where it remains at the present time.