543 So.2d 393 (1989)
Clara Zawadski DE BUENO, Appellant,
v.
Alejandro Bueno CASTRO, A.B.P., Inc., a Florida Corporation, and Abepe, Inc., a Florida Corporation, Appellees.
No. 87-2472.
District Court of Appeal of Florida, Fourth District.
May 17, 1989.
Jeremy J. Hart of Valdes-Fauli, Cobb & Petrey, P.A., Miami, for appellant.
Barry D. Hunter of Paul, Landy, Beily & Harper, P.A., Miami, for appellees.
STONE, Judge.
This is an appeal by a surviving spouse from a declaratory judgment holding that a deed executed prior to her husband's death, pursuant to a power of attorney, was valid. The property in question was transferred *394 by the decedent's son, Alejandro Castro, the holder of the power, to A.B.P. Inc., a corporation created by the decedent and owned, beneficially, by the decedent's surviving children. The judgment also determined that the appellant, in any event, had no interest in the land conveyed.
The decedent died intestate, a resident and citizen of Venezuela. The decedent and the appellant had been separated continuously for thirteen years and had entered into a settlement agreement which was adopted in a Colombian judicial proceeding.[1] The settlement agreement did not refer to their jointly owned 600 acre Florida farm, but the appellant and the decedent subsequently exchanged quitclaim deeds transferring to her the sole title to the east 300 acres, and to him the sole title to the west 300 acres. It is the decedent's half of the property that he subsequently conveyed to his children by a former marriage through A.B.P. Inc. This conveyance was accomplished through the use of a broadly worded power of attorney.
Following an evidentiary hearing, the trial court found that the deed to the decedent's portion of the farm was executed with his knowledge and consent, and at his request. The conveyance was part of his effort to reduce estate taxes. The trial court further determined that the intent of the earlier separation agreement was to divide all of the parties' property, and to forever waive and terminate any interest that either had in the other's property. Additionally, the court found that they intended the exchange of their interests in the farm to be part of the complete division of their assets.
The principle issue on appeal concerns the validity of the deed, executed pursuant to a power of attorney without monetary consideration. The power of attorney included the power to convey real property. However, it did not specifically authorize its use to make a gift. Generally, powers of attorney are strictly construed and will be closely examined in order to ascertain the intent of the principal. A general power does not include the power to make a gift. See Johnson v. Fraccacreta, 348 So.2d 570 (Fla. 4th DCA 1977). See also Bloom v. Weiser, 348 So.2d 651 (Fla. 3d DCA 1977). Here, the power of attorney was worded, in accordance with Venezuelan practice:
That I grant power of Attorney, ample and sufficient, to mister Alejandro Bueno Castro, ... to represent me, claim for me and protect all my rights, interests and actions in everything concerning the business and interests that I have at present and that I might have in the future.  Therefore, my above named attorney is hereby authorized to buy, sell, interchange or rent all kind of properties and rights and to stipulate and receive costs or other products or equivalents in that kind of business; power to receive guaranties, morgages [sic], and obligations of any kind and to encumber, trade or deal with all kinds of properties; to recover and receive amounts of money and securities that should be paid to me; power for him to grant powers to others; to receive allowances or bonus on capitals and interests; to grant deeds, receipts and annulments; to make and cancell [sic] public and private documents, protocols and registrations needed for operations and business and to represent me in all kind of actions, judicial actions, as a plaintiff or as a defendant; to start or answer in my name all kind of legal actions, reconventions, exceptions and ordinary or extraordinary legal resorts, with powers to accept citations, agree to waive, accept, in legal actions or no legal action, and to make in my name, all kind of deals and legal transactions and represent me in all kind of procedures, before the [sic] authorities, public officials and corporations of any order, political or administrative, concerning municipalities, states or national offices; to substitute this power of attorney, in all or in part, and to grant and revoke powers or substitutions, and, in general, power of attorney to do, in respect and concerning *395 my properties and rights, all and everything that I could do in my own benefit and without limitations and in accordance with the laws.
In Johnson v. Fraccacreta, this court reversed a summary judgment that had upheld a transfer pursuant to a power of attorney. In remanding the case for further evidentiary proceedings to determine the facts, this court stated that the trial court should consider any competent evidence surrounding the execution of the power that might be utilized as an aid in construction. See generally 2A C.J.S. Agency § 151 (1972). The power in Johnson was worded more narrowly than this one. Furthermore, in Johnson, there was no indication of the grantor's intent. The opinion in Johnson makes it clear that there had been no evidence submitted that the conveyance was an estate planning device, rather than a gift, nor of the circumstances surrounding the execution of the power.
In this case there was sufficient direct and circumstantial evidence that the deed to A.B.P., Inc. was an estate planning device, and not a gift. There was also competent substantial evidence of the circumstances surrounding the execution of the power of attorney, to permit the court to discern the grantor's intent and make its findings.
We conclude from our review that the trial court did not err by considering evidence of the circumstances surrounding the execution of the power and the deed. Nor did the court err in finding that the power of attorney included the authority to execute conveyances for estate planning purposes, and that the deed had been executed at the decedent's command. Cf. Johnson v. Fraccacreta. See also Smith v. Shackleford, 92 Fla. 731, 110 So. 358 (1926); Tatum Land Co. v. Marjohn Realty Co., 92 Fla. 534, 109 So. 813 (1926); Lan-Chile Airlines, Inc. v. Rodriguez, 296 So.2d 498 (Fla. 3d DCA 1974), cert. denied, Rodriguez v. Lan-Chile Airlines, Inc., 310 So.2d 305 (Fla. 1975).
Because we find no error in the trial court's determination that the deed to A.B.P., Inc. was valid, we need not discuss the legal issues concerning the alternative finding that, by executing the settlement agreement and quit claim deed, the appellant had waived or conveyed any right she may have had to claim an elective share. However, we do note that there was support in the record for the court's findings in that regard. We also conclude that the other evidentiary issues raised by the appellant are without merit.
We also find that the principles of res judicata and collateral estoppel, raised due to certain language that is contained in an earlier opinion concerning these parties in the Virgin Islands, do not apply. See Southern Title Research Co. v. King, 186 So.2d 539 (Fla. 4th DCA 1966); Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla. 1977).
Therefore, the final declaratory judgment is affirmed.
GLICKSTEIN, J., and POLEN, MARK E., Associate Judge, concur.
NOTES
[1] There was testimony that termination of marriage by civil divorce, as we know it, was not permitted in Colombia, where the marriage was by a religious ceremony.