DIANE WHITFORD v. DESSIE PITTMAN GASKILL AND ALICE PITTMAN LEWIS
DURHAM

No. 943SC520

(Filed 15 August 1995)

**Principal and Agent § 25 (NCI4th)— gift of real property— authority expressly required in power of attorney**

A power of attorney purportedly granting the authority for making gifts of real property, to be effective, must expressly pro-

WHITFORD v. GASKILL

[119 N.C. App. 790 (1995)]

vide for making gifts of real property. Thus, a power of attorney in which the language "the power to transfer the real estate known as the homeplace" was added to the statutory form did not authorize the attorney-in-fact to convey the homeplace as a gift. N.C.G.S. § 32A-2(1).

**Am Jur 2d, Agency §§ 30 et seq.**

Appeal by defendants from judgment entered 30 July 1992 by Judge Herbert O. Phillips, III, in Carteret County Superior Court. Heard in the Court of Appeals 26 January 1995.

*Nelson W. Taylor, III, for plaintiff appellee.*

*Wheatly, Wheatly, Nobles & Weeks, P.A., by C.R. Wheatly, III, for defendant appellants.*

COZORT, Judge.

Defendants appeal from order granting plaintiff's motion for summary judgment. Defendants contend the trial court erred in granting summary judgment for plaintiff, alleging there was a genuine issue of fact concerning the scope of the power of attorney. We hold that a power of attorney purportedly granting the authority for making gifts of real property must, to be effective, expressly provide for making gifts of real property, and we affirm the trial court.

George W. Pittman, Jr., deceased, owned a certain parcel of land in Merrimon Township, Carteret County, North Carolina, which was the family homeplace. In October 1988, Pittman and his wife, Rose Lupton Pittman, became concerned about what would happen to the homeplace should anything happen to him. In November 1988, Pittman and his wife contacted the defendants, Dessie Pittman Gaskill and Alice Pittman Lewis Durham, to discuss how to assure the homeplace would be protected from his daughter, the plaintiff, and his wife's daughter from a previous marriage. On 18 November 1988, Pittman consulted an attorney, John Harris, in Morehead City. He explained to his attorney that he wanted to be assured that neither his daughter, his wife's daughter, nor any federal agency could take the property from him. Mr. Harris drew a power of attorney giving Mrs. Pittman authority to act for Mr. Pittman. He added to the standard form: "the power to transfer the real estate known as the homeplace that I inherited from my mother." Mr. Pittman signed the power of attorney.

Mr. Pittman's attorney also prepared a deed conveying this property to defendants. Mrs. Pittman signed Mr. Pittman's name in the presence of a notary public. The deed was recorded in the Carteret County Register of Deed's office. Mrs. Pittman delivered the deed to defendants on 23 November 1988. This property was worth $75,000.00. No consideration was paid for the property.

George Pittman, Jr., died intestate on 22 April 1990 of Alzheimer's Disease. His wife and daughter, the plaintiff, are the only persons entitled to inherit under intestacy.

On 24 October 1990, plaintiff initiated this action alleging that the deed to the defendants by Rose Lupton Pittman as attorney-in-fact for George W. Pittman, Jr., was void. Plaintiff alleged in an amended complaint that the deed is invalid because her father was not mentally competent at the time he signed the power of attorney. After discovery, plaintiff filed a motion for summary judgment on 25 February 1992. Judge Herbert O. Phillips, III, heard this motion and granted partial summary judgment in plaintiff's favor, finding that the deed signed by plaintiff's father's attorney-in-fact is void and of no effect. Defendants appealed. On 28 September 1993, this Court dismissed the appeal as interlocutory because no damages had been determined. On remand, plaintiff filed a voluntary dismissal without prejudice as to her claim for damages. On 19 April 1994, defendants appealed from Judge Phillips' previous order granting partial summary judgment for plaintiff.

The sole issue on appeal is whether a power of attorney must expressly confer the authority to give a gift of real property. This appears to be a case of first impression in North Carolina. We hold that a power of attorney must expressly confer the authority to give a gift of real property. Accordingly, we affirm the trial court.

Summary judgment is properly granted where the pleadings, depositions, answers to interrogatories, and admissions on file, and through affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). The party moving for summary judgment has the burden of showing that there is no triable issue of material fact. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). " 'The movant may meet this burden by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential ele-

ment of his claim . . . .' " *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992) (quoting *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)). Once the movant meets his burden, the burden then shifts to the non-moving party to show that a genuine issue exists by forecasting sufficient evidence of all essential elements of their claim. *Waddle v. Sparks*, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992). The court must look at the evidence in the light most favorable to the non-moving party and with the benefit of all reasonable inferences. *Isbey v. Cooper Companies, Inc.*, 103 N.C. App. 774, 775, 407 S.E.2d 254, 256 (1991), *disc. review denied*, 330 N.C. 613, 412 S.E.2d 87 (1992).

Finding no North Carolina cases which specifically address this issue, we look for guidance from other jurisdictions. A power of attorney creates an agency relationship between one who gives the power, the principal, and one who exercises authority under the power of attorney, the agent. *Kotsch v. Kotsch*, 608 So.2d 879 (Fla. App. 1992), *review denied*, 617 So.2d 319 (Fla. 1993). A power of attorney must be strictly construed and will be held to grant only those enumerated powers. *Id.*

In *Johnson v. Fraccacreta*, 348 So.2d 570 (Fla. App. 1977), Carmela Fraccacreta executed a power of attorney appointing her daughter, Delores, as her attorney-in-fact. The power of attorney gave Delores the authority to "bargain, sell, release, convey and mortgage lands . . . as she shall think fit . . . ." *Id.* at 571. Pursuant to the power of attorney, Delores conveyed real property owned by her mother to her and her husband. The court held that this transaction constituted a gift. The court cited the general rule as follows:

> "A general power of attorney authorizing an agent to sell and convey property, even though it authorizes him to sell for such price and on such terms as to him shall seem proper, implies a sale for the benefit of the principal, and *does not authorize the agent to make a gift of the property, or to convey or transfer it without a present consideration inuring to the principal.*"

*Id.* at 572 (quoting 73 A.L.R. 884) (emphasis added). A power of attorney authorizing a person to sell, exchange, transfer or convey real property does not authorize a conveyance as a gift, and a conveyance outside the scope of the power of attorney is void. *Id.* An agent has no authority to give a gift of the principal's property unless it is expressly granted to the agent or is a necessary implication of the powers expressly conferred upon the agent. *Id.*

WHITFORD v. GASKILL

[119 N.C. App. 790 (1995)]

The power of attorney in *Johnson* is very similar to that in the case below. N.C. Gen. Stat. § 32A-2(1) (1993) provides in pertinent part that an attorney-in-fact has the authority to "rent, lease, sell, convey . . . and in any way or manner deal with all or any part of any interest in real property whatsoever . . . as said attorney-in-fact shall deem proper." Defendants argue that this language and the additional language of "including the power to transfer" gives the attorney-in-fact the authority to give a gift of real property. We disagree. As stated in *Johnson*, the power to give a gift of real property must be expressly conferred. Thus, general language of the power to transfer, along with the statutory form, will not suffice. If Mr. Pittman wanted to provide for giving gifts of real property, he could have specifically granted this power.

Moreover, under recognized canons of statutory construction, a statute is construed as excluding from its operation those things not expressly mentioned. *See Evans v. Diaz*, 333 N.C. 774, 779-80, 430 S.E.2d 244, 247 (1993); *Jolly v. Wright*, 300 N.C. 83, 89, 265 S.E.2d 135, 141 (1980), *overruled on other grounds, McBride v. McBride*, 334 N.C. 124, 431 S.E.2d 14 (1993). Here, the statute provides for the real property transactions which a person may conduct pursuant to a power of attorney. This statute does not include giving gifts of real property. We conclude that the legislature did not intend to include the power to give a gift of real property under this statute.

For the foregoing reasons, we adopt as the rule in North Carolina that the authority to give a gift of real property must be expressly conferred in a power of attorney. The trial court is

Affirmed.

Judges MARTIN, John C., and JOHN concur.