DIANE WHITFORD v. DESSIE PITTMAN GASKILL AND ALICE PITTMAN
LEWIS DURHAM

No. 399PA95

(Filed 10 February 1997)

### 1. Principal and Agent § 25 (NCI4th)— general power of attorney—authority to make gift of realty

An attorney-in-fact acting pursuant to a broad general power of attorney lacks the authority to make a gift of the principal's real property unless that power is expressly conferred. Accordingly, the power of attorney set forth in N.C.G.S. § 32A-1 and the powers granted attorneys-in-fact by N.C.G.S. § 32A-2(1), standing alone, do not authorize an attorney-in-fact to make gifts of the principal's real property.

**Am Jur 2d, Agency § 31.**

### 2. Principal and Agent § 25 (NCI4th)— power of attorney— power to "transfer" realty—authority to make gift

Where language was added to a statutory short-form power of attorney giving the attorney-in-fact the power "to transfer the real estate known as the homeplace that I inherited from my mother," the attorney-in-fact had the authority to make a gift of the homeplace realty, since "transfer" is a word ordinarily used to represent a conveyance of property by sale or gift.

**Am Jur 2d, Agency § 31.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 119 N.C. App. 790, 460 S.E.2d 346 (1995), affirming an order granting partial summary judgment in favor of the plaintiff entered by Phillips, J., at the 22 June 1992 Civil Session of Superior Court, Carteret County. Heard in the Supreme Court 12 March 1996.

*Nelson W. Taylor, III, for plaintiff-appellee.*

*Wheatly, Wheatly, Nobles & Weeks, P.A., by C.R. Wheatly, III, for defendant-appellants.*

LAKE, Justice.

Defendants appeal from a decision of the Court of Appeals holding that a statutory short-form power of attorney must expressly con-

fer the authority to make a gift of real property in order to be valid, and that the power of attorney here did not convey such authority.

George W. Pittman, Jr., now deceased, owned and lived in his family homeplace on a parcel of land in Carteret County, North Carolina. Mr. Pittman became concerned about what would happen to the homeplace when he died. Mr. Pittman wanted to be assured that the homeplace would not be taken from his wife, Rose Lupton Pittman, and specifically, that neither his daughter, the plaintiff, his wife's daughter from a previous marriage, nor any federal agency could take the property upon his death.

On 18 November 1988, Mr. Pittman met with John Harris, an attorney, and conveyed his concerns regarding the property. Harris prepared a power of attorney giving Mrs. Pittman authority to act for Mr. Pittman including the power to transfer real property. The power of attorney generally followed but modified the statutory short-form power of attorney set forth in N.C.G.S. § 32A-1 and stated in pertinent part that Mrs. Pittman had

> full power to act in my name, place and stead in any way which I myself could do if I were personally present with respect to the following matters as each of them is defined in Chapter 32A of the North Carolina General Statutes to the extent that I am permitted by law to act through an agent.

Moreover, the power of attorney stated that Mrs. Pittman had the specific authority to conduct

> real property transactions, *including the power to transfer the real estate known as the homeplace that I inherited from my mother.*

(Emphasis added.) The italicized phrase above was added to the statutory short-form power of attorney found in N.C.G.S. § 32A-1. Mr. Pittman signed the power of attorney. Shortly thereafter, Harris prepared a deed conveying the property from Mr. Pittman to Dessie Pittman Gaskill and Alice Pittman Lewis Durham, the defendants and Mr. Pittman's sisters. Mrs. Pittman signed the deed at the direction of Mr. Pittman and in the presence of both Mr. Pittman and a notary public. The deed was subsequently recorded in the Carteret County Register of Deeds office. Mrs. Pittman delivered the deed to the defendants on 23 November 1988. At the time of delivery, the property was worth $75,000. The defendants did not pay the Pittmans any consideration for the property.

Mr. Pittman died intestate on 22 April 1990. Mrs. Pittman and the plaintiff were then the only persons entitled to inherit under the Intestate Succession Act of North Carolina. Mrs. Pittman is now deceased, and thus plaintiff (Mr. Pittman's daughter) and Mrs. Pittman's daughter, the two persons Mr. Pittman specifically sought to deny, would be entitled to so inherit the homeplace.

On 24 October 1990, plaintiff initiated this action alleging that the deed to the defendants signed by Mrs. Pittman as attorney-in-fact for Mr. Pittman was void. In an amended complaint, plaintiff alleged that the deed was invalid because Mr. Pittman was not mentally competent at the time he signed the power of attorney. On 25 February 1992, plaintiff filed a motion for summary judgment. The trial court heard the motion and granted partial summary judgment in plaintiff's favor after finding that the deed signed by Mrs. Pittman was void and of no effect. On appeal, the Court of Appeals affirmed the trial court and held that an attorney-in-fact may not convey real property by gift unless the power of attorney expressly confers the authority to make gifts of real property. *Whitford v. Gaskill*, 119 N.C. App. 790, 792, 460 S.E.2d 346, 347 (1995).

The defendants' appeal raises two intertwined issues. First, does an attorney-in-fact have the authority to make gifts of real property on behalf of the principal if not expressly authorized to do so in the power of attorney? Second, if specific authorization is required, is the word "transfer," when added to the standard wording of the statutory short-form power of attorney, sufficient to confer express authorization to make gifts of real property?

Whether an attorney-in-fact has the authority to make gifts of real property without being expressly authorized to do so in the power of attorney document is a question of first impression in North Carolina. Nearly every jurisdiction that has considered this issue has concluded that:

[a] general power of attorney authorizing an agent to sell and convey property, even though it authorizes him to sell for such price and on such terms as to him shall seem proper, implies a sale for the benefit of the principal, and does not authorize the agent to make a gift of the property, or to convey or transfer it without a present consideration inuring to the principal.

Annotation, *Power of attorney as authorizing gift or conveyance or transfer without a present consideration*, 73 A.L.R. 884 (1931). *See*

*also Johnson v. Fraccacreta*, 348 So. 2d 570 (Fla. Dist. Ct. App. 1977); *King v. Bankerd*, 303 Md. 98, 492 A.2d 608 (1985); *Brown v. Laird*, 134 Or. 150, 291 P. 352 (1930). The basic premise behind the majority rule is that an attorney-in-fact is presumed to act in the best interests of the principal. *See Bankerd*, 303 Md. at 108, 492 A.2d at 613. Since the power to make a gift of the principal's property is potentially hazardous or adverse to the principal's interests, such power will not be lightly inferred from broad grants of power contained in a general power of attorney. *Id.*

[1] Based on these principles and in accord with the majority of jurisdictions which have considered this issue, we hold that an attorney-in-fact acting pursuant to a broad general power of attorney lacks the authority to make a gift of the principal's real property unless that power is expressly conferred. Accordingly, the power of attorney set forth in N.C.G.S. § 32A-1 and the powers granted attorneys-in-fact by N.C.G.S. § 32A-2(1), standing alone, do not authorize an attorney-in-fact to make gifts of the principal's real property. This, however, does not end our consideration in the instant case.

[2] In the case *sub judice*, Mr. Pittman executed a short form power of attorney pursuant to N.C.G.S. § 32A-1 naming his wife, Rose Lupton Pittman, attorney-in-fact. The power of attorney conferred upon Mrs. Pittman the authority to make decisions regarding Mr. Pittman's real property pursuant to the powers set forth in N.C.G.S. § 32A-2(1). As above determined, N.C.G.S. §§ 32A-1 and 32A-2(1), standing alone, would not authorize Mrs. Pittman to make a gift of Mr. Pittman's property. However, the power of attorney executed by Mr. Pittman went beyond the short form and expressly provided that Mrs. Pittman's powers were to include "the power to transfer the real estate known as the homeplace that I inherited from my mother." The word "transfer" is primarily defined by *Webster's Dictionary* as "the conveyance of right, title, or interest in either real or personal property from one person to another *by sale, gift, or other process.*" *Webster's Third New International Dictionary* 2427 (1976) (emphasis added). Transfer is also defined by *Black's Law Dictionary* as:

> An act of the parties, or of the law, by which the title to property is conveyed from one person to another. *The sale and every other method, direct or indirect, of disposing of or parting with property* or with an interest therein, or with the possession thereof, or of fixing a lien upon property or upon an interest therein, absolutely or conditionally, voluntarily or involuntarily, by or

WHITFORD v. GASKILL

[345 N.C. 475 (1997)]

without judicial proceedings, *as a conveyance, sale, payment, pledge, mortgage, lien, encumbrance, gift, security or otherwise.* The word is one of general meaning and may include the act of giving property by will.

*Black's Law Dictionary* 1497 (6th ed. 1990) (emphasis added). Finally, an alternative definition of transfer found in *Black's Law Dictionary* provides that transfer means "to sell or to give." *Id.* The common thread connecting each of these definitions is that the word "transfer" is a word ordinarily used to represent a conveyance of property by sale or by gift. Using this definition of the word "transfer," the language added in this case to the power of attorney reads, "the power to [convey by sale or by gift] the real estate known as the homeplace that I inherited from my mother." Accordingly, we hold that the power of attorney executed by Mr. Pittman did expressly confer upon Mrs. Pittman, as Mr. Pittman's attorney-in-fact, the power to make a gift of the property in dispute. Further, aside from this construction of the meaning of the word "transfer" added to the statutory short form power of attorney, this meaning appears to have been the intent of the principal under the circumstances of this case.

We note that the North Carolina legislature, in 1995, amended N.C.G.S. §§ 32A-1 and 32A-2. The amendment adds a section to the statutory short-form power of attorney giving the principal the ability to confer upon the attorney-in-fact the authority to make gifts to individuals and charities in accordance with the principal's personal history of gift-giving. The principal must specifically acknowledge (by initialing this section) his or her intent to confer the authority to make gifts. The 1995 amendment does not affect our decision as it relates to general powers of attorney executed prior to the effective date of the amendment nor does it affect our decision as it relates to the attorney-in-fact's authority to make gifts subsequent to the amendment where there is no personal history of gift-giving.

For the reasons stated herein, while we agree with the decision of the Court of Appeals as to the law regarding general powers of attorney, we reverse the decision of the Court of Appeals with respect to its interpretation of the power of attorney in the case *sub judice* and remand this case to that court for further remand to the Superior Court, Carteret County, for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.