MARILYN CHRISTOPH, Plaintiff
v.
MARVIN DAVID PENNELL, Defendant
No. COA08-505
Court of Appeals of North Carolina.
Filed March 3, 2009
This case not for publication
No brief for plaintiff-appellee.
Tolin, Morrison & Altman, PLLC, by Kevin Altman, for defendant-appellant.
ROBERT C. HUNTER, Judge.
This case arises out of a dispute over rent arrears between two half-siblings. After filing an action for summary ejectment, plaintiff amended her complaint to add, inter alia, a claim for fraud, and defendant filed a counterclaim for unjust enrichment. These additional claims arose out of the disposition of property previously owned by the parties' deceased mother. The trial court ordered defendant to vacate the property and pay rent arrears to plaintiff, but dismissed without prejudice the claims for fraud and unjust enrichment, concluding that those issues should be resolved upon probate of their mother's will. Defendant appeals the dismissal of these claims. After careful review, we affirm.

Background
Dorothy Pennell ("Mrs. Pennell"), mother of Marilyn Christoph ("plaintiff") and Marvin David Pennell ("defendant"), owned property located at 900 Utah Drive, Winston Salem, North Carolina. Using the property as collateral, Mrs. Pennell borrowed $39,000.00 from Wachovia Bank ("Wachovia"), the deed of trust being recorded 10 January 1996.
On 2 October 1998, Mrs. Pennell executed a gift deed, granting plaintiff one-half interest in the property, while maintaining ownership of the other half. The deed was recorded on 6 October 1998 in the Office of the Register of Deeds of Forsyth County. Soon thereafter, plaintiff purchased a mobile home and installed it on the 900 Utah Drive property with a brick foundation.
On 24 April 2003, Mrs. Pennell executed a "General Power of Attorney," with a durable provision, naming defendant as her attorney-in-fact ("AIF"). Pursuant to section (A), authority was granted to the AIF to engage in real estate transactions on Mrs. Pennell's behalf. Under section (G), the AIF was authorized to grant "[g]ifts to charities and individuals other than Attorney-in-Fact/Agent." (Emphasis added.) On 5 May 2003, defendant, acting as Mrs. Pennell's AIF, executed a quitclaim deed granting Mrs. Pennell's remaining one-half interest in the property at 900 Utah Drive to himself absent consideration.
On 1 June 2003, plaintiff and defendant entered into a written lease with option to purchase contract in which defendant leased the mobile home owned by plaintiff, located on the 900 Utah Driveproperty.[1] Under the terms of the contract, defendant agreed to pay rent in the amount of $425.00 per month from 1 June 2003 to 1 June 2009. In plaintiff's handwriting, it was stipulated, "[t]itle will be sent to M. David Pennell after 72 payments of $425.00 are paid." The contract dictated that the option to purchase "shall not be effective should the Lessee be in default under any terms of this lease or upon any termination of this lease." Defendant moved into the mobile home and began paying the property taxes in 2003.
In October 2003, the loan that Mrs. Pennell took out in 1996 had a balance of approximately $42,000.00. Without consulting plaintiff, defendant took out a personal loan in the amount of $92,079.00, pledging the 900 Utah Drive property as collateral. The deed of trust for this loan was filed in the Office of the Register of Deeds of Forsyth County on 24 November 2003. The account records show that on 29 October 2003, the amount of $42,260.63 was applied to Mrs. Pennell's account with Wachovia, thereby satisfying in full the loan she took out in 1996. Defendant claims that he paid the balance of the Wachovia loan out of the $92,079.00 he borrowed.
Mrs. Pennell died on 30 November 2003. She left a last will and testament bequeathing the sum of her estate to her three children and naming plaintiff as executor.[2] At the time this case was heard in district court, 4 December 2007, Mrs. Pennell's will had not been probated.
The record indicates that no dispute arose between the parties until defendant failed to pay rent in July 2006, and did not make any further payments. On 26 March 2007, plaintiff brought an action in small claims court for the summary ejectment of defendant from the mobile home for non-payment of rent. The magistrate conducted a hearing on 3 April 2007 and concluded that the matter should be heard in district court. On 5 October 2007, the parties appeared in district court and were ordered to file an amended complaint and answer consolidating all claims. Plaintiff filed an amended complaint on 12 October 2007 alleging,inter alia: (1)defendant breached his contract to pay rent to plaintiff; (2) conversion of the mobile home; and (3) defendant committed fraud in his execution of the quitclaim deed on 5 May 2003.
Defendant filed an answer and counterclaim on 19 October 2007 and, inter alia, (1) admitted that he failed to pay rent since July 2006; (2) alleged that a verbal agreement existed between plaintiff and defendant for defendant to purchase the mobile home; (3)denied the allegation of fraud; (4) affirmatively pled a violation of the statute of limitations with regard to plaintiff's fraud claim; and (5) further asserted that plaintiff was unjustly enriched as defendant had been paying the property taxes on the 900 Utah Driveproperty since 2003. The counterclaim did not specifically allege that plaintiff was unjustly enriched when defendant satisfied the $42,260.63 loan on Mrs. Pennell's behalf, but in his prayer for relief, defendant requested that plaintiff be ordered to pay defendant her pro rata share of all expenses incurred since 2003. Defendant's primary argument on appeal is that plaintiff was unjustly enriched by defendant's satisfaction of the $42,260.63 encumbrance on property of which plaintiff maintained a fifty percent interest.
The case was heard in district court on 4 December 2007 and judgment was entered on 7 December 2007. The trial court concluded that, "[t]he written Lease with Purchase Option Agreement between the parties was clear, unambiguous and fair, was supported by adequate consideration, and the parties mutually assented to all of its material terms; therefore the parties had a valid, binding contract." As a result of defendant's failure to pay rent, the trial court concluded that defendant had breached the contract thereby "forfeit[ing] his right to purchase the mobile home, and his right to continue in possession of it."
Defendant was ordered to: Vacate the property, pay $8,100.00 to plaintiff plus interest from the date of judgment until paid, and pay all costs of the action. The trial court declined to make a determination with regard to plaintiff's claim of fraud or defendant's claim of unjust enrichment, holding that these were matters pertaining to the estate of Mrs. Pennell and should be decided upon probate of the will. These claims were therefore dismissed without prejudice. Defendant appeals from this judgment as to the dismissal of the two claims, but he does not appeal from the order to vacate the premises or pay arrears. Plaintiff has not filed a response brief with this Court.

Analysis
Defendant argues that: (1) the trial court erred by failing to conclude, as a matter of law, that plaintiff was unjustly enriched when defendant satisfied the $42,260.63 encumbrance on the Utah Drive property; (2) the trial court erred by failing to conclude as a matter of law that plaintiff's claim of fraud was barred by the statute of limitations; and (3) the trial court erred by dismissing the claims, finding that they were matters to be considered once Mrs. Pennell's will was probated. Defendant claims that all of Mrs. Pennell's real property was dispensed of inter vivos; therefore, no property remained for probate, and the trial court should have considered all claims before it.[3]
We disagree with defendant's assertions and find that the trial court properly dismissed these claims and refused to find, as a matter of law, that defendant was unjustly enriched or that the fraud claim was time barred.
On 5 May 2003, defendant, as Mrs. Pennell's AIF, attempted to transfer Mrs. Pennell's one-half interest in the property at 900 Utah Drive to himself via a quitclaim deed without consideration. Under the undisputed terms of the General Power of Attorney, which is in the record before us, defendant was not authorized to grant himself a gift. See Whitford v. Gaskill, 345 N.C. 475, 478, 480 S.E.2d 690, 692 (1997) ("an attorney-in-fact acting pursuant to a broad general power of attorney lacks the authority to make a gift of the principal's real property unless that power is expressly conferred"). The trial court acknowledged the potential wrongdoing on the part of defendant in the following findings of fact:
20. The Power of Attorney granted the attorney-in-fact the authority to act on behalf of the Grantor in all the matters listed therein, and which were initialed by the Grantor; the listed areas of authority were designated (A) through (P); Dorothy Pennell initialed every authority listed, including "(A) Real estate transactions," and "(G) Gifts to charities and individuals other than Attorney-in-Fact/Agent."
21. On May 5, 2003, the defendant, acting as Dorothy Pennell's Attorney-in-Fact, executed a Quitclaim Deed for the aforesaid real property to himself; defendant paid nothing for the property, and the recording information indicates "No Taxable Consideration."
In its conclusions of law, the trial court determined:
3. The plaintiff's claim for Fraud, the defendant's Counterclaim for unjust enrichment and the . . . plaintiff's Reply claiming contribution, are matters that pertain to the estate of Dorothy Pennell and should be dealt with when her Will is probated; accordingly, those claims should be dismissed without prejudice.
While the trial court did not conclude as a matter of law, and we do not do so here, that property remained in the estate of Mrs. Pennell, its findings of fact and conclusions of law clearly indicate that the court believed defendant acted outside of his authority as AIF when he transferred Mrs. Pennell's property to himself. It follows that if defendant in fact wrongfully transferred the property, the quitclaim deed may be set aside, and the one-half interest in the property would be deemed a part of Mrs. Pennell's estate. See Estate of Graham v. Morrison, 168 N.C. App. 63, 72, 607 S.E.2d 295, 302 (2005).
Based on the record and the trial court's findings of fact and conclusions of law, we find that the trial court properly determined that half of the property at 900 Utah Drive may be an asset of the estate of Mrs. Pennell, and therefore the parties' respective claims should be determined upon probate of the will, or other legal proceeding.
For the foregoing reasons, we affirm the trial court's determination.
Affirmed.
Judges ELMORE and JACKSON concur.
Report per Rule 30(e).
NOTES
[1] The referenced lease is not a part of the record before this Court, however, the trial court made specific findings of fact as to the contents of the lease agreement upon which we rely. Defendant does not dispute these findings of fact on appeal.
[2] Mrs. Pennell's other daughter, Josephine Beaver, is not a party to this action.
[3] Defendant argues that the trial court erred by refusing to admit into evidence the deed of trust executed by Mrs. Pennell based on lack of foundation. In light of our holding in this case, this argument is irrelevant and we decline to address it.