GRIFFIN, J.
Robert Dingle and Janet Dingle [“the Dingles”] appeal a summary final judgment entered in favor of Elena Rrikhdina, a/k/a Elena Kyreakakis [“Kyreakakis”]. The Dingles challenge the trial court’s conclusion that the power of attorney of the decedent, John Kyreakakis [“the decedent”], did not give him the power to gift the corporate property of Whiteway Investments, Inc. [“Whiteway”]. We affirm.
The Dingles filed a complaint for ejectment, seeking to recover possession of real property located in Lake County, Florida, [“the subject property”] from Kyreakakis. Attached to the complaint was a quit-claim deed of gift, prepared by Attorney Jacqueline C. Dellinger, conveying the subject property from Whiteway to the Dingles.[1] After Kyreakakis filed her answer and affirmative defenses, she filed a motion for summary judgment and memorandum of law. The motion alleged that Kyreakakis was entitled to judgment as a matter of law because the attorney-in-fact, the decedent, lacked the authority to make a gift of corporate property in favor of the Dingles; therefore; the Dingles’ deed was void.
The Dingles filed an affidavit in opposition to Kyreakakis’ motion, asserting lawful ownership of the subject property. The affidavit recounted that the Dingles and the decedent were friends and that the Dingles transported the decedent and helped him while he was ill with cancer. The affidavit also described the relationship between the decedent and Kyreakak-is.[2] .
After a hearing, the trial court granted the motion for summary judgment, finding that the power-of-attorney instrument employed by the décedent contained no power to make gifts of the corporation’s property. The court concluded that since the decedent lacked the authority to make the conveyance by gift, the deed was void.
The English translated version of the power of attorney document from White-way to the decedent, prepared in Spanish, provides:
FIRST: That she grants a General Power of Attorney in favor of [the decedent], to act individually, on behalf of [White-way] in any place of the world, with power to act on behalf of and for the Corporation in any act, transaction, contract or business, either civil, judicial, mercantile, or of any other nature and before third persons, either natural or judicial, public, private or mixed.[ ... ] SECOND: Especially, but not limited to the above, the present Power of Attorney is granted in favor of [the decedent], to act individually, in any place of the world and before the above mentioned persons, for the following: One: To sell, exchange or transfer for any valuable consideration, any real estate or personal properties belonging to the principal; Two: To purchase or acquire' in any manner, for the principal, real estate or personal properties on the principal’s *328 behalf; Three: To lease, give for deposit, any property of the principal or to impose limitations on the ownership thereof; Four: To mortgage, pledge or in any other many encumber any property of the principal....
(Emphasis added). The deposition testimony of the attorney who prepared the deed, and the language of the deed itself, reflect that the deed was made as a gift to the Dingles.
Generally, the rule is that a power of attorney must be strictly construed and the instrument will be held to grant only those powers which are specified. Bloom v. Weiser, 348 So.2d 651, 653 (Fla. 3d DCA 1977). An agent cannot make a gift of his principal’s property to himself or others unless it is expressly authorized in the power. James v. James, 843 So.2d 304, 308 (Fla. 5th DCA 2003). A general power does not include the power to make a gift. See Johnson v. Fraccacreta, 348 So.2d 570 (Fla. 4th DCA 1977).[3] Here, the power of attorney clearly included the power to convey real property, however, it did not specifically authorize its use to make a gift.
In Johnson, the Fourth District court reversed a summary judgment that had upheld a transfer pursuant to a power of attorney. There, a decedent owned real property during her lifetime and executed a power of attorney, appointing her daughter as her attorney in fact. The power of attorney gave the daughter the power to: “Bargain, sell, release, convey and mortgage lands ... upon such terms and conditions, and under such covenants, as she shall think fit and also for me and in my name as my act and deed to sign, sell, execute and deliver and acknowledge such deeds_” Id. at 571. As attorney in fact, the daughter executed a warranty deed conveying the decedent’s property to the decedent and her husband as tenants by the entireties. The decedent died several months later.
The Fourth District concluded that no language in the subject power of attorney expressly or impliedly indicated an intention to authorize a gift of an interest in the principal’s property to the husband. Id. An agent has no power to make a gift of his principal’s property unless that power is expressly conferred upon the agent by the instrument or unless such power arises as a necessary implication from the powers which are expressly conferred. Id.
Here, when the language of the power of attorney is examined to discern the corporation’s intent, the most persuasive indicator of its intent is the omission of the power to gift. Of the four principal purposes of asset transfer — sale, lease, mortgage, and gift — all but gift are expressly authorized by the power of attorney. The Dingles rely on the first paragraph of the power, which contains a more general delegation. The powers given in the first paragraph, however, are general powers of the decedent to act on behalf of the business, and nothing implies the power to gift property. Moreover, the second paragraph, which specifically concerns asset transfer, is qualified in its entirety by the phrase “for valuable consideration.” We find no error in the trial court’s conclusion that the only asset transfer powers conferred by the enumeration of the specific and general powers were transfers for value. Thus, the deed was void. See In re *329 Estate of Bell, 573 So.2d 57, 59 (Fla. 1st DCA 1990).
AFFIRMED.
SAWAYA and PALMER, JJ., concur.

. Based on Ms. Dellinger's deposition testimony, the decedent hired Ms. Dellinger to draft a quit-claim deed, transferring the subject property from Whiteway to the Dingles. The power of attorney appointed the decedent attomey-in-fact for Whiteway. The power of attorney was originally drafted in Spanish, and the record on appeal only contains a translated version in English. There was also testimony by Ms. Dellinger that, after the transfer of the property, the decedent tried' to reclaim ownership and rescind the quit-claim deed.

. • According to the Dingles’ affidavit, Kyreak-akis was a "mail order” companion, twenty-four years younger than the decedent, whom the decedent eventually married.

. The Dingles asserted below that Florida law would not apply to the interpretation of a power of attorney under Panamanian law. We recognize that a general power of attorney under the law of Panama is a unique creature; however, the Dingles have not pleaded or proved that the law of Panama would be different from that of Florida in this context.'