PALMER, J.
dissenting.
I respectfully dissent.
Latona filed a motion to dismiss pursuant to rule 3.190(e)(4) of the Florida Rules of Criminal Procedure. In State v. Bell, 882 So.2d 468 (Fla. 5th DCA 2004), our court explained:
A rule 3.190(c)(4) motion should be granted only when the trial court determines that the most favorable construction of the facts does not establish a prima facie case of guilt; if there is any evidence upon which a reasonable jury could find guilt, a motion to dismiss must be denied.... Moreover, on a motion made pursuant to rule 3.190(c)(4), the State is not only entitled to receive the most favorable construction of the evidence but also to have all inferences resolved against the defendant.
Id. at 470.
Latona sought dismissal based on a prescription defense. She attached several documents to her motion, including a copy of a Durable Power of Attorney for Management of the Assets of H.H., as well as a copy of a card which alerted health care providers that H.H. had executed a Durable Power of Attorney for health care. Latona did not attach a copy of the Durable Power of Attorney for health care to her dismissal motion.
The Durable Power of Attorney for Management of the Assets of H.H. reads, in relevant part, as follows:
ARTICLE 3 — AGENT’S POWERS
[[Image here]]
Powers over money and property. To forgive, request, demand, sue for, recover, collect, receive, hold all such sums of money, debts, dues, commercial paper, checks, drafts, accounts, deposits, legacies, bequests, devised, notes, interests, stock certificates, bonds, dividends, certificates of deposit, annuities, pensions, profit sharing, retirement, social security, insurance and other contractual benefits and proceeds, all intangible and tangible property and property rights and demands whatsoever, liquidated or unliquidated, now or hereafter owned by me, or due, owing, payable or belonging to me or in which I have or may hereafter acquire an interest.
(Emphasis added.) The majority concludes that this provision expressly authorized Latona to “hold any and all of H.H.’s property”; therefore, she was authorized to hold his prescription medications until H.H. notified her that he had revoked such authorization. I disagree.
Florida case law is well-settled that powers of attorney are strictly construed and that the scope of an agent’s authority is limited to what the principal has specifically authorized the agent to do. Dingle v. Prikhdina, 59 So.3d 326, 328 (Fla. 5th DCA 2011); Stalley v. Transitional Hosps. Corp. of Tampa, Inc., 44 So.3d 627, 630 (Fla. 2d DCA 2010); Crawford v. DiMicco, 216 So.2d 769, 772 (Fla. 4th DCA 1968). *397 As such, powers of attorney will be “closely examined in order to ascertain the intent of the principal.” Kotsch v. Kotsch, 608 So.2d 879, 880 (Fla. 2d DCA 1992). Accord DeBueno v. Castro, 543 So.2d 393, 394 (Fla. 4th DCA 1989).
In my view, the most favorable construction of the evidence, and inferences arising therefrom, lead to the conclusion that there was a disputed issue of fact concerning whether H.H. had expressly authorized Latona to hold his medications since H.H. told the police that no one was authorized to possess his medications and Latona did not attach a copy of H.H.’s Durable Power of Attorney for health care to her dismissal motion. The Durable Power of Attorney which was provided by Latona expressly applied to the management of H.H.’s assets, not to the management of his health care. Accordingly, I would reverse.