PALMER, J.
Juan Him (defendant) appeals the trial court’s order denying his motion to quash service of process.[1] Determining that Firstbank Florida failed to properly obtain service of process on the defendant, we reverse.
A specific power of attorney was executed by the defendant, appointing Jorge Gu-rian to act on the defendant’s behalf in the purchase of a condominium. Gurian used the power of attorney to execute closing documents, including a promissory note and mortgage. Firstbank Florida, the holder of the note and mortgage, subsequently filed a complaint against the defendant for breach of guaranty. Service of process was made on Gurian. The defendant did not respond to the complaint, and a default was entered against him. The defendant moved to quash service of process (which, if granted, would have resulted in vacating the default), asserting that he did not authorize Gurian to accept service on his behalf. The trial court denied the motion.
The defendant contends that the service of process was invalid because the power of attorney did not authorize Gurian to accept service on his behalf. We agree.
“A power of attorney must be strictly construed and the instrument will be held to grant only those powers which are specified.” Dingle v. Prikhdina, 59 So.3d 326, 328 (Fla. 5th DCA 2011). Here, the power of attorney provided as follows:
JUAN HIM
... has made, constituted and appointed, and by these presents does make, constitute and appoint:
JORGE GURIAN
as my true and lawful attorney for me and in my name, place and stead, giving and granting unto the said JORGE GU-RIAN, my said attorney, full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully, to all intents and purposes and as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that said attorney or substitutes shall lawfully do or cause to be done by virtue hereof with respect to: the making, executing, accepting, delivering of any warranty deed, quit claim deed, other deed, contract, paper, mortgage, note, guaranty, satisfaction of mortgage, closing statement or other documents or papers including but not limited to any documents required by First Bank Florida concerning the purchase of the following property ...:
*1128 Condominium Unit 622, BERMUDA DUNES PRIVATE RESIDENCES....
I, the undersigned, hereby grant to JORGE GURIAN, my said attorney, full power and authority to carry out any and all acts or deeds, mortgages, contracts and to execute any and all other papers or closing documents which are necessary and required to effectuate any transaction concerning the aforementioned real property.
This power of attorney did not expressly authorize Gurian to accept service of process on behalf of the defendant. Additionally, the instrument only authorized actions “concerning the purchase of,” or “which [were] necessary and required to effectuate any transaction concerning,” the condominium. Because the language of the power of attorney was specific to the purchase of the condominium and did not expressly mention service of process, it did not authorize Gurian to accept service on behalf of the defendant.
We reject Firstbank Florida’s contention that it was entitled to an evidentiary hearing on a disputed issue of fact concerning whether Gurian represented that he had authority to accept service. Parol evidence was not admissible regarding whether the defendant intended to authorize Gurian to accept service because any ambiguity in the power of attorney is resolved by the rule of strict construction.
REVERSED and REMANDED.
SAWAYA and JACOBUS, JJ„ concur.

. Appellate jurisdiction is proper pursuant to rules 9.030(b)(1)(B) and 9.130(a)(3)(C)(i) of the Florida Rules of Appellate Procedure.