BESSIE LEATHERMAN v. FLOYD HERMAN LEATHERMAN AND LEATHER-
MAN, INC.

No. 7725SC871

(Filed 21 November 1978)

1. **Husband and Wife § 1— wife's services in business gratuitous—no ownership interest in business by wife**

   Plaintiff wife's claim that her bookkeeping, supervision of employees and running of errands in defendant husband's land clearing business entitled her to an ownership interest in the business when funds derived from the business and placed in joint bank accounts were used to capitalize the business is without merit, since plaintiff failed to overcome the presumption that her services were rendered gratuitously, and since there was no showing that defendant intended to make a gift to his wife of the funds derived from his business which he placed in the joint accounts.

2. **Trusts § 14.2— fiduciary relationship between husband and wife—use of funds to capitalize business—no constructive trust on stock for wife**

   The trial court erred in imposing a constructive trust on the stock of a business which had been capitalized with funds derived from the business and placed in joint bank accounts of plaintiff wife and defendant husband, even though plaintiff had contributed her services to the building up of the business and even though a fiduciary relationship existed between the parties, since there was no evidence that defendant failed to disclose any material fact with respect to use of the funds to capitalize and there was no showing of any wrongdoing on defendant's part.

   Judge MARTIN (Robert M.) dissents.

APPEAL by defendants from *Lewis, Judge*. Judgment entered 11 July 1977 in Superior Court, CATAWBA County. Heard in the Court of Appeals 16 August 1978.

Plaintiff, Bessie Leatherman, seeks a declaration that she is entitled to one-half of the stock of Leatherman, Inc. owned by the defendant, Floyd Leatherman.

Plaintiff and defendant were divorced in 1975 after twenty-eight years of marriage. The evidence at trial showed that during this period of marriage, the defendant was engaged in a land clearing business that was started as a small proprietorship in 1951 but was incorporated as Leatherman, Inc. in 1965. From 1951 until their separation in 1974, plaintiff worked with the defendant in this business keeping books, supervising employees, and carrying supplies to various job sites. Plaintiff testified that by 1963

her duties constituted a full-time job. She, nevertheless, drew no personal salary until 1971. Funds derived from the business between 1951 and 1965 were deposited in joint bank accounts in the names of the plaintiff and the defendant. Personal expenses as well as business expenses were paid out of these accounts. When the business was incorporated in 1965, the funds in these accounts, $32,382.02, were used to capitalize the business. The total value of the accounts comprised one-third of the value of the business. All stock was issued in the name of the defendant, Floyd Leatherman.

The trial court held that the plaintiff owned an one-half interest in the bank accounts which were used to capitalize Leatherman, Inc. The court then imposed a constructive trust in the amount of $16,191.01 upon the defendant's stock holdings in Leatherman, Inc. Defendant appealed.

*Rudisill & Brackett, by J. Steven Brackett, for plaintiff appellee.*

*Patton, Starnes & Thompson, by Thomas M. Starnes, for defendant appellants.*

VAUGHN, Judge.

[1] The first issue we address is whether the plaintiff had any ownership rights in the joint bank accounts which would entitle her to an interest in the stock. The funds in the bank accounts, $32,382.02, provided consideration for part of the stock of Leatherman, Inc. If the plaintiff owned part of these funds, then it is possible that a resulting trust could be imposed upon the stock. Where a party gives valuable consideration for property but title is put in the name of another, a resulting trust may be imposed on this property in favor of the paying party if no gift were intended. *Bowen v. Darden*, 241 N.C. 11, 84 S.E. 2d 289 (1954). We hold that the trial judge erred when he concluded that the plaintiff had an ownership interest in the funds.

In *Smith v. Smith*, 255 N.C. 152, 120 S.E. 2d 575 (1961), the Court held that the income and profits from the husband's business are the property of the husband and the wife's rights therein are limited.

"The husband has the duty to provide necessaries for his wife and must support and maintain her in accordance with his means and station in life. North Carolina has no community property law. The domestic services of a wife, while living with her husband, are presumed to be gratuitous, and the performance of work and labor beyond the scope of her usual household and marital duties, in the absence of a special contract, is also presumed to be gratuitous." *Smith v. Smith, supra,* at 155-56.

*See also Sprinkle v. Ponder,* 233 N.C. 312, 64 S.E. 2d 171 (1951); *Dorsett v. Dorsett,* 183 N.C. 354, 111 S.E. 541 (1922). Thus, plaintiff's claim that her work in her husband's business entitles her to an ownership interest is unfounded. The presumption that such services were rendered gratuitously has not been overcome by any evidence of a special contract to pool their labors into a partnership.

The Court in *Smith* further held that, absent evidence to the contrary, the depositor of funds in a joint bank account is deemed to be the owner of the funds. Thus, if a husband deposits his money into a joint account, the money remains his property, absent evidence to the contrary. By putting his money into a joint account, the husband has not made a gift to the wife; rather he has designated his wife as an agent with the power to withdraw the funds.

Plaintiff, here, therefore, cannot base an ownership claim on the existence of a joint account which was used to capitalize the business. The plaintiff testified that she deposited no personal funds into these accounts and that the sole source of the jointly held accounts was the business. There is no evidence that the defendant intended to make a gift of the funds to the plaintiff or in any way endow her with an ownership interest. Thus, the evidence is insufficient to support plaintiff's claim to ownership of part of Leatherman, Inc.

[2] Plaintiff further contends that an ownership interest is not required in order for the court to impose a constructive trust on the stock.

"A constructive trust is a duty, or relationship, imposed by courts of equity to prevent the unjust enrichment of the

holder of title to, or of an interest in, property which such holder *acquired through fraud, breach of duty or some other circumstance making it inequitable for him to retain it* against the claim of the beneficiary of the constructive trust. . . . [T]here is a common indispensable element in the many types of situations out of which a constructive trust is deemed to arise. This common element is *some fraud, breach of duty or other wrongdoing* by the holder of the property." (Emphasis added.)

*Wilson v. Crab Orchard Development Co.*, 276 N.C. 198, 211-12, 171 S.E. 2d 873, 882 (1970). In the present case, the trial court found no evidence of fraud on the part of the defendant. Indeed, there is no evidence of any misrepresentation on his part. The Court, however, based the imposition of a constructive trust on the confidential relationship between the plaintiff and the defendant at the time of the incorporation of Leatherman, Inc. and the issuance of the stock. In *Vail v. Vail*, 233 N.C. 109, 63 S.E. 2d 202 (1951), the Court considered the effect of a confidential relationship upon the dealings between the parties. The Court held that, when a confidential relationship exists, the person in whom the confidence is placed is required to exercise good faith in his dealings with the other and to refrain from taking advantage of the other at the other party's expense. If a fiduciary relationship exists, the fiduciary is required to disclose facts which he would be under no duty to disclose if no such relationship existed. In the present case, even though a confidential relationship existed between the plaintiff and the defendant, there is no evidence that the defendant failed to disclose any material fact in the transaction in question. That, subsequent to the issuance of the stock, defendant executed a will leaving all of his property to his wife, does not show an acknowledgment of plaintiff's legal interest in the business, but instead, shows an acknowledgment of his wife as the natural object of his testamentary bounty. There is nothing in the evidence or the findings of fact to show any wrongdoing on the defendant's part which would support a constructive trust in plaintiff's favor on the stock he owns in Leatherman, Inc.

For the reasons stated, the court erred in concluding that the stock owned by defendant is subject to any trust in favor of plaintiff. The judgment is, therefore, reversed.

Reversed.

Judge MITCHELL concurs.

Judge MARTIN (Robert M.) dissents.