JEAN N. HONEYCUTT, Plaintiff v. FARMERS & MERCHANTS BANK, Defendant and Third Party Plaintiff BOBBY R. NEWSOME, Third Party Defendant

No. COA96-1266

(Filed 15 July 1997)

**1. Principal and Agent § 25 (NCI4th)— power of attorney— change of trust beneficiary—gift not authorized**

The trial court did not err by granting summary judgment for defendants where defendant Newsome and plaintiff Honeycutt were brother and sister; their mother executed a power of attorney naming Honeycutt as attorney-in-fact; their mother later established a trust with defendant bank with Newsome as the beneficiary; Honeycutt went to the bank, presented the power-of-attorney and executed a new account card naming herself as beneficiary; Newsome went to the bank after their mother died and requested that the trust account be closed and the balance paid to him; the bank complied; Honeycutt subsequently went to the bank to close the account and was ultimately informed that the money had been paid to Newsome; the bank attempted to recover the money from Newsome but he refused; Honeycutt filed this action against the bank; and the bank filed a third party complaint against Newsome. Under N.C.G.S. § 1A-1, Rule 14(a), Newsome could assert any defense of the bank to Honeycutt's claim and the pleadings and the evidence establish that Honeycutt purported to act under a power of attorney which granted broad authority but did not authorize Honeycutt to make a gift to anyone, much less herself. Although *Whitford v. Gaskill*, 345 N.C. 475, involved a deed of gift of real property rather than personal property, the rationale used by the *Whitford* court would apply to all purported gifts of a principal's property, whether real or personal, and would prohibit such gifts unless the power of attorney permits the attorney-in-fact to make a gift.

Am Jur 2d, Agency §§ 30-35.

**2. Evidence and Witnesses § 924 (NCI4th)— power of attorney—statements purportedly expanding powers—properly excluded**

Evidence of statements by a deceased purporting to extend an attorney-in-fact's authority were properly excluded by the trial court where the attorney-in-fact had no express authority in the power of attorney to make a gift of the deceased's property.

Am Jur 2d, Evidence § 786.

Appeal by plaintiff from judgment entered 17 June 1996 by Judge J. Richard Parker in Pasquotank County Superior Court. Heard in the Court of Appeals 21 May 1997.

*D. Keith Teague, P.A., by Danny Glover, Jr., for plaintiff-appellant.*

*Hornthal, Riley, Ellis & Maland, L.L.P., by L.P. Hornthal, Jr. and L. Kathryn Slocumb, for third party defendant-appellee.*

WALKER, Judge.

Plaintiff, Jean N. Honeycutt (Honeycutt), and third party defendant, Bobby R. Newsome (Newsome), are brother and sister. Their mother is the late Louise W. Newsome (Mrs. Newsome).

On 2 April 1993, Mrs. Newsome executed a durable power of attorney naming Honeycutt attorney-in-fact. Later, on 30 July 1993, Mrs. Newsome established a trust account with defendant Farmers & Merchants Bank (the Bank) naming Newsome as beneficiary with right of survivorship upon Mrs. Newsome's death. The trust account agreement permitted Mrs. Newsome to change the beneficiary, "[b]y written direction to the Bank." On 27 December 1994, Honeycutt went to the Bank, presented the power of attorney and instructed an agent of the Bank to execute a new account card naming her as sole beneficiary of the account. The Bank permitted Honeycutt to sign a new signature card as "Louise W. Newsome, by Jean N. Honeycutt, POA" which designated her as beneficiary.

Mrs. Newsome died on 18 February 1995. Thereafter, on 2 March 1995, Newsome went to the Bank and requested the trust account be closed and the balance paid to him. The Bank complied and paid him $29,180.12. On 10 March 1995, Honeycutt and her husband went to the Bank to close the account. They were told there was a problem with the facsimile machine and that they should go home and wait for the Bank to call. After Honeycutt and her husband left the Bank, Darlene Treece, Vice-President of Operations at the Bank, contacted Newsome and requested he return the proceeds to the Bank. Treece then called Honeycutt and informed her that the Bank had paid the money to Newsome. Later, on 24 March 1995, the Bank's attorney sent a letter to Newsome formally demanding him to return the funds to the Bank, which he refused.

Honeycutt filed this action on 6 November 1995, alleging breach of contract, negligence, and unfair business practice on the part of

## HONEYCUTT v. FARMERS & MERCHANTS BANK

[126 N.C. App. 816 (1997)]

the Bank. The Bank filed an answer and a third party complaint against Newsome on 16 January 1996. Thereafter, on 28 March 1996, Newsome filed a motion to dismiss Honeycutt's action against the Bank and this motion was converted into a motion for summary judgment by the trial court. Honeycutt then filed her own summary judgment motion along with the affidavits of she and her husband. The trial court granted summary judgment for the third party defendant Newsome, dismissing plaintiff's claim against defendant and denied plaintiff's motion for summary judgment.

**[1]** Honeycutt argues that the trial court erred in granting Newsome's motion for summary judgment and entering judgment as a matter of law in favor of Newsome and the Bank.

Pursuant to N.C. Gen. Stat. § 1A-1, Rule 14(a) (1990), Newsome, as the third party defendant, may assert against Honeycutt [plaintiff] any defense which the Bank [third party plaintiff] has to Honeycutt's claim, including the right of a third party defendant to assert the Rule 12 defense that the original complaint fails to assert a claim for which relief can be granted. *See Wright and Miller, Federal Practice and Procedure*, § 1457, pp.441-44 (1990).

Newsome's motion to dismiss for failure to state a claim was converted by the trial court into a motion for summary judgment. Where the pleadings or proof disclose that no cause of action exists as a matter of law, summary judgment may be granted. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E.2d 823, 829 (1971).

In *Whitford v. Gaskill*, 345 N.C. 475, 480 S.E.2d 690, 692 (1997), our Supreme Court upheld this Court's determination that "an attorney-in-fact acting pursuant to a broad general power of attorney lacks the authority to make a gift of the principal's real property unless that power is expressly conferred . . . ." In its rationale, the Court noted that almost every jurisdiction which had considered the issue has held that

> [a] general power of attorney authorizing an agent to sell and convey property, even though it authorizes him to sell for such price and on such terms as to him shall seem proper, implies a sale for the benefit of the principal, and does not authorize the agent to make a gift of the property, or to convey or transfer it without a present consideration inuring to the principal.

*Id.* at ——, 480 S.E.2d at 691. The Court further noted that the underlying premise behind the majority rule is that "an attorney-in-fact is

presumed to act in the best interests of the principal" and because the power to make a gift of the principal's property is potentially adverse to the principal, "such power will not be lightly inferred from broad grants of power contained in a general power of attorney." *Id.* at ——, 480 S.E.2d at 692.

Honeycutt argues that *Whitford* does not control this case as it involved a deed of gift of real property rather than personal property. However, the rationale used by the *Whitford* court would apply to all purported gifts of a principal's property, whether real property or personal, and such would be prohibited unless the power of attorney permits the attorney-in-fact to make a gift.

Following this Court's decision in *Whitford,* the legislature enacted N.C. Gen. Stat. § 32A-14.1 (1995), which provides in pertinent part:

(a) Except as provided in subsection (b) of this section, if any power of attorney authorizes an attorney-in-fact to do, execute, or perform any act that the principal might or could do or evidences the principal's intent to give the attorney-in-fact full power to handle the principal's affairs or deal with the principal's property, the attorney-in-fact shall have the power and authority to make gifts in any amount of any of the principal's property to any individual or to any organization described in sections 170(c) and 2422(a) of the Internal Revenue Code or corresponding future provisions of federal tax law, or both, in accordance with the principal's personal history of making or joining in the making of lifetime gifts. As used in this subsection "Internal Revenue Code" means the "Code" as defined in N.C.G.S. § 105-2.1.

(b) Except as provided in subsection (c) of this section, or unless gifts are expressly authorized by the power of attorney, a power described in subsection (a) of this section may not be exercised by the attorney-in-fact in favor of the attorney-in-fact or the estate, creditors, or the creditors of the estate of the attorney-in-fact.

Honeycutt argues this statute should not apply to this case as it was not in effect at the time of the events in question. While the statute was not in effect in 1994, we find it does codify the existing common law in this State. Although this statute was enacted after the events in question here, the Editor's Note following the statute indicates that "Session Laws 1995, c.331, which enacted this article . . .

provides that this article is intended as a codification of the existing North Carolina common law." Thus, the outcome of this case would be the same whether or not the statute controls.

From the common law, our State has developed the following principles of agency law: An agent is a fiduciary with respect to matters within the scope of his agency. *SNML Corp. v. Bank,* 41 N.C. App. 28, 254 S.E.2d 274, *disc. review denied,* 298 N.C. 204, 257 S.E.2d 223 (1979). In an agency relationship, at least in the case of an agent with the power to manage all the principal's property, it is sufficient to raise a presumption of fraud when the principal transfers property to the agent. *McNeill v. McNeill,* 223 N.C. 178, 25 S.E.2d 615 (1943). Self dealing by the agent is prohibited. *Cotton Mills v. Manufacturing Co.,* 221 N.C. 500, 20 S.E.2d 818 (1942).

In the instant case, the pleadings and evidence establish that Honeycutt purported to act under the power of attorney from Mrs. Newsome in attempting to change the beneficiary on the trust account. First, Honeycutt's complaint alleges she acted "pursuant to her power of attorney." Next, the signature card was signed by Honeycutt as "Louise W. Newsome by Jean W. Honeycutt, POA." Finally, Honeycutt's affidavit indicates Mrs. Newsome instructed her to use the "power of attorney to change the account card to name myself beneficiary of the account."

Under the rationale of *Whitford,* we must examine the power of attorney to determine whether it provided express authority for Honeycutt to make a gift of Mrs. Newsome's property. The power of attorney in question grants Honeycutt broad authority to "perform all and every act and thing whatsoever necessary to be done in carrying out the provisions, purpose and intent of this instrument as fully as I might or could do if personally present, hereby ratifying and confirming all that my said attorney shall lawfully do or cause to be done by virtue of this Power of Attorney." However, this provision does not authorize Honeycutt to make a gift of Mrs. Newsome's property to anyone, much less herself. Therefore, we find that Honeycutt lacked authority under the power of attorney to make a gift of Mrs. Newsome's property to herself.

[2] Honeycutt next contends that the trial court erred in granting Newsome's objections and motions to strike evidence purportedly expanding Honeycutt's powers under the power of attorney. Newsome objected to and moved to strike the portions of the affidavits of Honeycutt and her husband which were based on state-

ments made by Mrs. Newsome on the grounds that they constituted inadmissible hearsay.

Pursuant to our interpretation of *Whitford* and our holding that Honeycutt had no express authority in the power of attorney to make a gift of Mrs. Newsome's property, any statements made by Mrs. Newsome purporting to extend Honeycutt's authority would be ineffective and were properly excluded by the trial court.

As such, the trial court did not err in granting Newsome's motion for summary judgment as Honeycutt had failed to state a claim against the Bank.

Affirmed.

Judges GREENE and JOHN concur.