PAULINE HUTCHINS, EXECUTRIX OF THE ESTATE OF ROMIE L. LADD, PLAINTIFF v. VIRGINIA DOWELL, LYNN W. FRYE, THOMAS R. JONES, DOROTHY JONES, RANDALL JONES AND ADELE M. PRIEST, DEFENDANTS

No. COA99-799

(Filed 5 July 2000)

### 1. Powers of Attorney— general—attorney-in-fact—conveyance of real property

In a case where decedent exercised a general power of attorney naming his stepdaughter as his attorney-in-fact, the trial court did not err by granting partial summary judgment in favor of plaintiff-executrix, setting aside the 1993 conveyance of decedent's real property by the stepdaughter to herself and her brother, because: (1) the North Carolina Supreme Court held in a 1997 case that an attorney-in-fact may not convey real property by gift unless the power of attorney expressly confers the author-

ity to make gifts of real property, and decisions of our Court are generally presumed to operate retroactively; (2) N.C.G.S. § 32A-14.1(b) provides that unless gifts are expressly authorized by the power of attorney, the power may not be exercised by the attorney-in-fact in favor of the attorney-in-fact, and the power of attorney in this case does not authorize the attorney to make a gift of decedent's real property to herself; and (3) decedent's original verified complaint indicates that the attorney acted beyond the scope of her authority in transferring the property.

**2. Banks and Banking— joint bank account—wrongful conversion**

The trial court did not err by denying defendants' motion for partial summary judgment on the conversion claims relating to the transfer of funds located in two joint bank accounts of decedent and his stepdaughter attorney-in-fact, because: (1) N.C.G.S. § 41-2.1 does not release one depositor to a joint account from liability to another for withdrawal which constitutes wrongful conversion; (2) a deposit by one party into an account in the names of both, standing alone, does not constitute a gift to the other; and (3) decedent's original verified complaint indicates that he lacked donative intent, his stepdaughter used her position to misappropriate large sums of money, and the transfers of large sums of money were made without the knowledge or consent of plaintiff.

Appeal by defendants from judgment entered 1 July 1997 by Judge Catherine Eagles in Davie County Superior Court and from judgment entered 15 April 1999 by Judge Judson D. DeRamus, Jr. in Davie County Superior Court. Heard in the Court of Appeals 17 April 2000.

*Wells Jenkins Lucas and Jenkins, PLLC, by Gordon W. Jenkins, for plaintiff-appellee.*

*Thomas M. King for defendant-appellants.*

EAGLES, Chief Judge.

On 6 November 1993, Romie L. Ladd entered the hospital for cancer treatment. On 19 November 1993, he executed a general power of attorney naming his step-daughter, Defendant Virginia Dowell, as his attorney-in-fact. Within two weeks after being designated attorney-in-fact, Ms. Dowell retitled several of Mr. Ladd's assets without his knowledge or permission.

Specifically, on 23 November 1993, Defendant Dowell executed a deed conveying Mr. Ladd's residence to herself and her brother, Defendant Lynn Frye. Ms. Dowell then retitled Mr. Ladd's 1987 Cadillac El Dorado in her own name. She then sold Mr. Ladd's 1979 Cadillac Deville and kept the proceeds for herself.

Additionally, on 19 November 1993, Defendant Dowell began withdrawing money from Mr. Ladd's bank accounts without his knowledge or consent. Defendant Dowell shared two joint bank accounts with rights of survivorship with Mr. Ladd. Defendant Dowell never deposited any money into either of these accounts. On 19 November 1993, Defendant Dowell withdrew money from one of these accounts and transferred the funds to her co-defendants ostensibly "to avoid losing any of the money in taxes." Defendant Dowell transferred $10,000 to herself, $10,000 to Defendant Lynn Frye, $10,000 to Defendant Thomas Jones, $10,000 to Defendant Adele Priest, $5,000 to Defendant Randall Jones, and $4,068.54 to Defendant Dorothy Jones. The defendant-recipients each in turn re-transferred the money to Defendant Dowell and Defendant Frye.

In December, 1993, when Mr. Ladd learned that Ms. Dowell had transferred ownership of his home and had withdrawn all the money from the bank account, he hired an attorney who demanded a full accounting of her activities during the period she served as attorney-in-fact and demanded return of all items she took. She failed to return these items. Mr. Ladd revoked the power of attorney on 10 December 1993. He filed a verified complaint on 23 December 1993 alleging breach of fiduciary duty and fraud. Additionally, Mr. Ladd rewrote his will leaving everything to his niece, Pauline Hutchins. Mr. Ladd died on 6 February 1994, before his lawsuit could be heard.

Pauline Hutchins was appointed the executrix of Mr. Ladd's estate. As executrix, Ms. Hutchins brought suit alleging breach of fiduciary duty and conversion of assets.

On 1 July 1997, Judge Catherine Eagles entered partial summary judgment in favor of plaintiff setting aside the conveyance of real property. On 15 April 1999, Judge DeRamus entered summary judgment against Defendant Dowell for breach of fiduciary duty, constructive fraud and conversion of assets, and against the remaining defendants for conversion of the sums of money transferred to them by Defendant Dowell. Defendants appeal.

**[1]** We first consider whether the trial court erred in granting the plaintiff's motion for partial summary judgment setting aside the conveyance of real property. Defendant-appellants argue that the trial court erred by improperly applying the case of *Whitford v. Gaskill*, 345 N.C. 475, 480 S.E.2d 690 (1997). In *Whitford v. Gaskill*, 345 N.C. 475, 480 S.E.2d 690 (1997), the North Carolina Supreme Court, in a case of first impression, affirmed this Court's conclusion that an attorney-in-fact may not convey real property by gift unless the power of attorney expressly confers the authority to make gifts of real property. In *Whitford*, the North Carolina Supreme Court noted that nearly every jurisdiction that had considered this issue had concluded:

> A general power of attorney authorizing an agent to sell and convey property, even though it authorizes him to sell for such price and on such terms as to him shall seem proper, implies a sale for the benefit of the principal, and does not authorize the agent to make a gift of the property, or to convey or transfer it without a present consideration inuring to the principal.

*Id.* at 477, 480 S.E.2d at 691 (citations omitted). The rationale behind this majority rule is that "an attorney-in-fact is presumed to act in the best interests of the principal," and a gift of the principal's property is potentially adverse to the principal's interests. *Id.* at 478, 480 S.E.2d at 692. "[S]uch power will not be lightly inferred from broad grants of power contained in a general power of attorney." *Id.*

Here, the defendants argue that the trial court erred in granting the plaintiff's motion for partial summary judgment because the 1997 *Whitford* case should not be retroactively applied to the 1993 transaction at issue here. However, decisions of our Court are generally presumed to operate retroactively, *see State v. Rivens*, 299 N.C. 385, 390, 261 S.E.2d 867, 870 (1980) (citing *Mason v. Nelson Cotton Co.*, 148 N.C. 492, 62 S.E. 625 (1908)), absent a compelling reason to operate only prospectively. *See Faucette v. Zimmerman*, 79 N.C. App. 265, 271, 338 S.E.2d 804, 808 (1986) (citing *Hill v. Brown*, 144 N.C. 117, 56 S.E. 693 (1907)).

Here, the defendants have provided no compelling reason why *Whitford* should be applied prospectively only. Moreover, even in the absence of *Whitford*, plaintiff here was entitled to summary judgment as a matter of law.

Following the Court of Appeal's decision in *Whitford* in 1995, the legislature enacted N.C.G.S. § 32A-14.1 (1995), which provides that an

attorney-in-fact can make gifts of a principal's property "in accordance with the principal's personal history of making or joining in the making of lifetime gifts." However, N.C.G.S. § 32A-14.1(b) also states:

[U]nless gifts are expressly authorized by the power of attorney, a power described in subsection (a) of this section may not be exercised by the attorney-in-fact in favor of the attorney-in-fact or the estate, creditors, or the creditors of the estate of the attorney-in-fact.

In *Honeycutt v. Farmers & Merchants Bank*, 126 N.C. App. 816, 487 S.E.2d 166 (1997), this Court noted that the statutory language of N.C.G.S. § 32A-14.1 was intended as a codification of existing North Carolina common law. *See id.* at 819-20, 487 S.E.2d at 168. Under well-established principles of North Carolina agency law:

An agent is a fiduciary with respect to matters within the scope of his agency. In an agency relationship, at least in the case of an agent with a power to manage all the principal's property, it is sufficient to raise a presumption of fraud when the principal transfers property to the agent. Self dealing by the agent is prohibited.

*Id.* at 820, 487 S.E.2d at 168 (internal citations omitted).

Here, Defendant Dowell purported to act under the power of attorney in deeding Mr. Ladd's real property. The general warranty deed conveying title to Defendants Dowell and Frye shows that Defendant Dowell signed for Mr. Ladd as his attorney-in-fact. However, the record establishes that Defendant Dowell had no authority to make gifts of Mr. Ladd's property to herself. The power of attorney in question here does not authorize Ms. Dowell to make a gift of Mr. Ladd's real property to herself. Moreover, Mr. Ladd's original verified complaint filed 23 December 1993 indicates that Ms. Dowell acted beyond the scope of her authority in transferring the property.

Accordingly, we conclude that the trial court did not err in granting partial summary judgment for the plaintiff setting aside the conveyance of real property. This assignment of error is overruled.

[2] Next, we consider whether the trial court erred in denying defendants' motion for partial summary judgment on the conversion claims. The defendants assert that Ms. Dowell transferred funds that were located in her joint bank accounts which she shared with her step-father. The defendants argue that they did not convert the funds

from these accounts because Ms. Dowell had authority to withdraw from the accounts under N.C.G.S. § 41-2.1. N.C.G.S. § 41-2.1 provides that "[e]ither party to the agreement may add to or draw upon any part or all of the deposit account, and any withdrawal by or upon the order of either party shall be a complete discharge of the banking institution with respect to the sum withdrawn."

This Court has stated that N.C.G.S. § 41-2.1 "do[es] not release one depositor to a joint account from liability to another for withdrawal which constitutes wrongful conversion." *Myers v. Myers*, 68 N.C. App. 177, 180, 314 S.E.2d 809, 812 (1984). *See also Leatherman v. Leatherman*, 38 N.C. App. 696, 698, 248 S.E.2d 764, 765 (1978), *aff'd.*, 297 N.C. 618, 256 S.E.2d 793 (1979). In *Myers v. Myers*, plaintiff-wife sued defendant-husband for conversion of funds from a joint bank account which they shared. This Court rejected the husband's argument that he could not be liable for conversion from his own joint bank account. "The depositing spouse, as principal, thus may bring an action in conversion against the withdrawing spouse to recover funds which that spouse has converted as agent." *Id.* at 181, 314 S.E.2d at 813. The Court concluded that the plaintiff wife was still deemed to be the owner of the funds. *See id.* at 181, 314 S.E.2d at 812. Here, the evidence adduced below indicated that Ms. Dowell never deposited any money to these accounts herself. In Ms. Dowell's affidavit, she admits that the money in the account belonged to Mr. Ladd.

Additionally, we note that a deposit by one party into an account in the names of both, standing alone, does not constitute a gift to the other. In order for the exchange of property to constitute a gift, there must be donative intent coupled with loss of dominion over the property. *See Smith v. Smith*, 255 N.C. 152, 155, 120 S.E.2d 575, 578 (1961). Here, Mr. Ladd's original verified complaint clearly indicates that he lacked donative intent. Mr. Ladd asserted that in withdrawing the money from the bank accounts, Ms. Dowell "used her position to misappropriate large sums of money and property belonging to Plaintiff for her use and benefit and for the use and benefit of Defendant Frye. Said transfers were made without the knowledge or consent of Plaintiff . . . ." Accordingly, we conclude that the trial court properly denied defendants' summary judgment motion.

Affirmed.

Judges TIMMONS-GOODSON and HUNTER concur.