ESTATE OF THOMAS GRAHAM, AND KAY FRANCES FOX TAYLOR, PLAINTIFFS V.
LUCILLE MORRISON, JOHN HALLMAN, AND LADD MORRISON, DEFENDANTS

No. COA02-610

(Filed 18 February 2003)

## 1. Appeal and Error— appealability—partial summary judgment—deeds voided—substantial right

A partial summary judgment voiding deeds was immediately appealable; denying appellate review would strip defendants of their property without any redress except another lawsuit.

## 2. Deeds— transfer under power of attorney—consideration—issue of material fact

The trial court erred by granting partial summary judgment for plaintiff and voiding deeds transferred under a power of attorney where the power of attorney did not expressly grant the right to make gifts of real property and the court apparently presumed the deeds to be gifts because no excise tax appeared. There was a genuine issue of material fact as to whether the services performed by defendants for the grantor and his wife before their deaths constitute valuable consideration bargained for by the grantor.

Appeal by defendants from judgment entered 21 February 2002 by Judge Timothy L. Patti in Mecklenburg County Superior Court. Heard in the Court of Appeals 8 January 2003.

*Samuel A. Wilson, III for plaintiffs-appellees.*

*Lawrence U. Davidson, III for defendants-appellants.*

TYSON, Judge

Defendants appeal from a grant of partial summary judgment in favor of the plaintiff. We reverse and remand for trial.

**ESTATE OF GRAHAM v. MORRISON**

[156 N.C. App. 154 (2003)]

## I. Background

In May 2000, Thomas Graham, a diabetic amputee, was in poor health. Mr. Graham's niece, Lucille Morrison ("Lucille"), helped care for Mr. Graham and often stayed with him during the night. Lucille also cared for Mr. Graham's wife, Melinda, prior to her death in 1991.

On 31 May 2000, Mr. Graham granted Lucille a durable and general power of attorney. Lucille signed Mr. Graham's name to the power of attorney at his request. The power of attorney grants Lucille broad powers and discretion in Mr. Graham's affairs but does not expressly contain the authority to make gifts of real property. The power of attorney was notarized and recorded in the Mecklenburg County Register of Deeds on 1 June 2000.

On 26 October 2000, Lucille, as attorney-in-fact for Mr. Graham, executed a general warranty deed of a portion of Mr. Graham's real property to herself as Grantee. This deed was recorded on 31 October 2000. After 26 October 2000, Lucille continued to provide care and assistance to Mr. Graham.

Around 1 June 2001, Plaintiff Kay Frances Taylor, ("Kay"), moved into Mr. Graham's house, known as "Coronet Way", in Charlotte. Kay was assumed to be the illegitimate daughter of Mr. Graham, but their relationship had not been close. Kay found Mr. Graham through the help of a relative.

After moving into the house, Kay limited Mr. Graham's visitors. Within the next week, Kay admitted Mr. Graham to the hospital under an assumed name.

On 5 June 2001, Lucille, as attorney-in-fact for Mr. Graham executed a general warranty deed on Coronet Way to her son, Ladd Morrison, ("Ladd"). On that date, Lucille, as attorney-in-fact, also conveyed other property of Mr. Graham to John Hallman for $3,000.00. According to Lucille, this money was used to pay her attorney to defend this action. Lucille contends that Mr. Graham asked her to make the conveyances.

On 15 June 2001, an application and order extending time to file a complaint was filed in the name of "Thomas Graham versus Lucille Morrison, John Hallman, and Ladd Morrison" alleging fraud in creating a power of attorney and making gifts with such fraudulent power. The complaint in this action was filed and verified by Kay, based upon

a power of attorney naming Kay as attorney in fact for Mr. Graham. A power of attorney executed on 20 June 2001 named Kay as attorney in fact. It was marked by a crudely formed "X" on the signature line. The power of attorney to Kay did not revoke the power of attorney previously granted to Lucille.

Defendants attempted but were unable to take the deposition of Mr. Graham on 18 July 2001 and 19 July 2001 due to Mr. Graham's illness and his attorney's schedule. Mr. Graham died on 7 August 2001. Kay entered his will into probate that day. Plaintiff amended its complaint on 10 August 2001 to substitute the estate of Thomas Graham and herself as party plaintiffs.

Plaintiff filed a motion for partial summary judgment on 9 November 2001. Defendants filed notice of intent to offer hearsay evidence on 30 November 2001, and filed a motion for summary judgment on 7 December 2001. Partial summary judgment was granted for plaintiff voiding the deeds on the basis that the power of attorney did not specifically authorize gifts. Plaintiff's motion to strike the hearsay evidence was granted. Defendants' summary judgment motion was denied, and plaintiff's motion for summary judgment on her claim of conversion was denied. Defendants appeal, and plaintiff asserts a cross-assignment of error.

## II. Issues

The defendants' issues are (1) whether the deeds to Lucille Morrison and Ladd Morrison from Thomas Graham, executed by Lucille Morrison as attorney-in-fact, are void because the power of attorney contained no authority to gift, (2) whether Lucille's and Ladd's actions caring for Thomas and his wife constitute adequate consideration to support the transfers, and (3) whether the trial court properly excluded hearsay evidence offered by defendants. Plaintiff assigns error to the trial court's denial of summary judgment on the $3,000 conversion claim.

## III. Appellate Rule Violations

After defendants filed their original brief, plaintiff moved to dismiss "Plaintiff's Appeal" and impose sanctions pursuant to Rule 34 of the North Carolina Rules of Appellate Procedure for failure to comply with the required format and contents of an appellate brief as required by N.C. R. App. P. 28(b) (2001). We perceive plaintiff moved to dismiss "Defendants' Appeal" for those reasons.

Defendants filed a replacement brief which sufficiently complies with the Rules of Appellate Procedure. We decline to dismiss the appeal, but note the poor quality of defendants' brief with its multitude of mistakes that could have easily been corrected through a mere proofread prior to filing. N.C. R. App. P. appendix B, E (2001).

## IV. Interlocutory Appeals

[1] Defendants appeal from a grant of partial summary judgment to plaintiff voiding their deeds. "A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal." *Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993) (citations omitted). Interlocutory orders are appealable where (1) the denial of an appeal would affect a substantial right, N.C.G.S. § 1-277 (2001); or (2) in cases involving multiple claims or parties, a final judgment is entered as to one claim or party and the trial court certifies pursuant to Rule 54(b) that there is no just reason for delay. N.C. R. Civ. P. 54(b) (2001).

The summary judgment order affects a substantial right because it declares defendants' deeds void. To deny appellate review would allow the judgment to strip defendants of their property without any possible redress except another lawsuit. "[T]he right to avoid the possibility of two trials on the same issues can be such a substantial right." *Green v. Duke Power Co.*, 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982).

## IV. Standard of Review

Summary judgment is appropriate where no genuine issues of material fact exist. N.C. R. Civ. P. 56(c) (2001). We view the evidence in the light most favorable to defendants, the nonmoving parties. *Hinson v. Hinson*, 80 N.C. App. 561, 563, 343 S.E.2d 266, 268 (1986).

## V. Voided Deeds

[2] Defendants argue that the trial court erred in voiding the deeds executed by Lucille, as attorney-in-fact, for Mr. Graham to Lucille and Ladd. The trial court based its decision on N.C.G.S. § 32A-14.1(b) which states "unless gifts are expressly authorized by the power of attorney, a power described in subsection (a) of this section may not be exercised by the attorney-in-fact in favor of the attorney-in-fact or

the estate, creditors, or the creditors of the estate of the attorney-in-fact." This Court previously reviewed this statute and affirmed summary judgment against an attorney-in-fact who transferred her principal's property to herself. *See Honeycutt v. Farmers & Merchants Bank*, 126 N.C. App. 816, 487 S.E.2d 166 (1997).

In *Honeycutt*, a mother granted her daughter a durable and general power of attorney. *Id.* at 817, 487 S.E.2d at 166. The mother later opened a trust account in her name at the local bank, naming her son as the sole beneficiary with right of survivorship. *Id.* The daughter and attorney-in-fact for the mother executed a new signature card naming herself as the sole beneficiary of the account. *Id.*, 487 S.E.2d at 166-67. After the mother died, the son closed the account and received the balance. *Id.*, 487 S.E.2d at 167. The daughter filed suit against the bank for breach of contract, negligence, and unfair business practice. *Id.* at 817-18, 487 S.E.2d at 167. The bank joined the brother as a third-party defendant. *Id.* at 818, 487 S.E.2d at 167. The brother moved to dismiss his sister's claim against the bank, and the trial court granted summary judgment in favor of the bank and the brother, holding that her power of attorney did not expressly allow her to make gifts. *Id.*

This Court relied upon the analysis in *Whitford v. Gaskill*, 345 N.C. 475, 480 S.E.2d 690 (1997). *Id.*

In *Whitford v. Gaskill*, 345 N.C. 475, [478], 480 S.E.2d 690, 692 (1997), our Supreme Court upheld this Court's determination that "an attorney-in-fact acting pursuant to a broad general power of attorney lacks the authority to make a gift of the principal's real property unless that power is expressly conferred . . . ." In its rationale, the Court noted that almost every jurisdiction which had considered the issue has held that "[a] general power of attorney authorizing an agent to sell and convey property, even though it authorizes him to sell for such price and on such terms as to him shall seem proper, implies a sale for the benefit of the principal, and does not authorize the agent to make a gift of the property, or to convey or transfer it *without a present consideration inuring to the principal.*" *Id.* at [477], 480 S.E.2d at 691. The Court further noted that the underlying premise behind the majority rule is that "an attorney-in-fact is presumed to act in the best interests of the principal" and because the power to make a gift of the principal's property is potentially adverse to the principal, "such power will not be lightly inferred from broad grants

of power contained in a general power of attorney." *Id.* at [478], 480 S.E.2d at 692.

*Honeycutt,* 126 N.C. App. at 818-19, 487 S.E.2d at 167 (emphasis supplied).

These deeds are void if the conveyances are determined to be gifts. Lucille's broad power of attorney did not expressly grant her the right to make gifts of real property on behalf of Mr. Graham.

## VI. Acts of Service As Consideration

Genuine issues of material fact exist whether the conveyances were gifts or were transferred for "valuable consideration" as recited in the deeds. We reverse the trial court's grant of summary judgment. The trial court did not reach these issues during the summary judgment hearing. The court apparently presumed the deeds to be gifts because no excise tax appeared on either deed. Omission of excise tax does not *per se* transform a deed given for valuable consideration into a deed of gift. Recitation of valuable consideration within the deed and recording create a rebuttable presumption that the conveyance was valid. *Chicago Title Ins. Co. v. Wetherington,* 127 N.C. App. 457, 463, 490 S.E.2d 593, 598 (1997), *disc. review denied,* 347 N.C. 574, 498 S.E.2d 380 (1998) (quoting *Pelaez v. Pelaez,* 16 N.C. App. 604, 606 192 S.E.2d 651, 652 (1972)) (stating " '[o]rdinarily, the consideration recited in a deed is presumed to be correct.' "); *Lance v. Cogdill,* 236 N.C. 134, 136, 71 S.E.2d 918, 920 (1952) (recordation of a deed raises a presumption that the deed was duly executed). There is substantial evidence in the depositions of Lucille and Ladd Morrison of services performed for Mr. Graham. Testimony shows that Lucille and Ladd helped in the restoration of Mr. Graham's home and cared for him and his wife before their deaths. The deeds do not purport to be deeds of gift but recite the property was conveyed in exchange for "valuable consideration."

Past consideration or moral obligation is not adequate consideration to support a contract. *See Jones v. Winstead,* 186 N.C. 536, 540, 120 S.E. 89, 90-91 (1923). Services performed by one family member for another, within the unity of the family, are presumptively "rendered in obedience to a moral obligation and without expectation of compensation." *Jones v. Saunders,* 254 N.C. 644, 649, 119 S.E.2d 789, 793 (citing *Allen v. Seay,* 248 N.C. 321, 323, 103 S.E.2d 332, 333). "[T]his principle of law does not prevent a parent from compensating a child for such services, and does not render consideration for a compensating conveyance inadequate." *Id.*

ESTATE OF GRAHAM v. MORRISON

[156 N.C. App. 154 (2003)]

A genuine issue of material fact remains to determine whether Lucille's services rendered after the conveyance of real property to her on 26 October 2000 constitutes "valuable consideration" bargained for by Mr. Graham which supports a purchased conveyance and not a gift. A similar issue exists concerning Ladd's services to Mr. Graham. These questions of fact are not appropriate for determination upon a motion for summary judgment.

### VII.  Admissibility of Hearsay Evidence

Defendants contend that statements of the decedent made in the presence of Hattie Kennedy and W.B. Fuller are admissible as exceptions to the hearsay rule pursuant to either N.C. R. Evid. 804(b)(3) or 804(b)(5). In light of our reversal of the trial court's partial summary judgment order and remand for trial, we need not address the admissibility of the affidavits of alleged hearsay at the summary judgment hearing.

### VIII.  Plaintiff's Cross-Assignment of Error

Plaintiff argues that the trial judge erred in denying summary judgment on her conversion claim. We decline to address this issue as it is interlocutory.

### IX.  Conclusion

We reverse the trial court's order voiding the deeds as gifts and remand for a factual determination of whether the deeds were gifts or conveyances supported by "valuable consideration."

REVERSED AND REMANDED.

Judges TIMMONS-GOODSON and ELMORE concur.