STEELMAN, Judge.
This cause of action arose from allegations that defendant unlawfully cut timber on plaintiffs' property without their consent. The trial court granted partial summary judgment in favor of defendant James A. Broadway, resulting in the dismissal of plaintiffs' and third-party defendants' claim for double damages pursuant to N.C. Gen. Stat. § 1-539.1(a) (2003). The trial court also denied the motion for partial summary judgment of the plaintiffs, Ed S. Mitchell, Jr., Hattie B. Mitchell, Evelyn M. Snead and Rosa M. Sutton, and Third-Party Defendants, Edna Mitchell Huggins, Ralph Mitchell and William M. Mitchell.
"`A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal.'" Estate of Graham v. Morrison, 156 N.C. App. 154, 157, 576 S.E.2d 355, 357 (2003) (quoting Liggett Group v. Sunas, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993)). In addition, the trial court's denial of a motion for summary judgment is not appealable as it is an interlocutory order. Bockweg v. Anderson, 333 N.C. 486, 490, 428 S.E.2d 157, 160 (1993). The purpose of these rules is to "prevent fragmentary, premature and unnecessary appeals" by allowing the trial court to render a final judgment in the case before it is presented to the appellate courts for review. Fraser v. Di Santi, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218 (1985). There are two instances in which an interlocutory order is immediately appealable: (1) if the order is final as to some but not all of theclaims or parties, and the trial court certifies the case for appeal under Rule 54(b) of the Rules of Civil Procedure, N.C. Gen. Stat. § 1A-1, Rule 54(b) (2004); and (2) when the order being challenged affects a "substantial right" of the appellant, which would be lost absent immediate appellate review. N.C. Gen. Stat. § 1-277(a) (2004). See Lambe Realty Inv., Inc. v. Allstate Ins. Co., 137 N.C. App. 1, 3, 527 S.E.2d 328, 330 (2000). "Under both of these two circumstances, it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds." Wood v. McDonald's Corp., ___ N.C. App. ___, ___, ___ S.E.2d ___, ___ (2004).
The trial court did not certify this matter for appeal pursuant to Rule 54(b). Furthermore, while appellants recite N.C. Gen. Stat. § 7A-27 as the grounds for appellate review, they make no argument asserting that the trial court's entry of partial summary judgment and denial of their motion for summary judgment affects a substantial right.
For these reasons, this appeal is dismissed as being interlocutory and not properly before this Court.
DISMISSED.
Judges CALABRIA and GEER concur.
Report per Rule 30(e).