LAMARR GARLAND FORBIS, CO-EXECUTOR OF THE ESTATE OF BONNIE S. NEWELL; LAMARR GARLAND FORBIS, ATTORNEY-IN-FACT FOR AUGUSTA LEE SUSTARE, PLAINTIFF V. BEVERLY LEE NEAL, DEFENDANT

No. COA04-1495

(Filed 17 January 2006)

**Fiduciary Relationship— attorney-in-fact—co-executor of estate—joint accounts with right of survivorship—payable on death beneficiary—rebuttable presumption of fraud— dead man's statute**

The trial court did not err by granting summary judgment in favor of defendant and by denying the same to plaintiff in an action alleging that defendant fraudulently diverted property while acting as his aunt's attorney-in-fact and also after her death as co-executor of her estate, because: (1) although a presumption of fraud on the part of defendant arose in the establishment of various joint accounts with right of survivorship or payable on death beneficiary status between defendant and his aunt when defendant was a fiduciary who benefitted from his transactions with his two aunts, defendant's affidavit rebuts any presumption of fraud or undue influence to the other accounts which left plaintiff to shoulder the burden of producing actual evidence of fraud; (2) no genuine issues of fact remained since plaintiff failed to forecast any evidence of fraud; and (3) contrary to plaintiff's assertion, defendant's affidavit did not violate the dead man's statute under N.C.G.S. § 8C-1, Rule 601(c), and in any event, the trial judge is presumed to disregard incompetent evidence in making decisions.

Judge STEELMAN concurring in part and dissenting in part.

Appeal by plaintiff from order entered 5 August 2004 by Judge David S. Cayer in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 June 2005.

*Eugene C. Hicks, III, for plaintiff-appellant.*

*Baucom, Claytor, Benton, Morgan & Wood, P.A., by James F. Wood, III, for defendant-appellee.*

HUDSON, Judge.

On 18 December 2002, plaintiffs LaMarr Garland Forbis and Augusta ("Gussie") Lee Sustare instituted this action seeking to

recover property from defendant Beverly Lee Neal, contending that defendant fraudulently diverted property belonging to his aunt Bonnie Sustare Newell ("Bonnie") while acting as her attorney-in-fact, and after her death on 19 December 1999, as her co-executor along with plaintiff Forbis. Defendant answered and moved to dismiss, which motions the court denied on 28 August 2003. On 11 June 2004, following discovery, defendant moved for summary judgment; plaintiffs filed for summary judgment on 15 June 2004. The court granted summary judgment to defendant and denied plaintiff's motion by order entered 5 August 2004. Plaintiff appeals. As discussed below, we affirm.

Defendant served as attorney-in-fact for his two elderly aunts, sisters Bonnie and Gussie Sustare. A number of Gussie's and Bonnie's assets were placed into bank and stock accounts, including a Paine Webber account, owned jointly by Bonnie and defendant with right of survivorship or with defendant named as a "payable on death" (POD) beneficiary. The sisters executed similar wills in 1995, each leaving the majority of their estates for the care of the other. Following Bonnie's death on 19 December 1999 at age ninety, plaintiff, Bonnie's niece, and defendant, Bonnie's nephew, were appointed co-executors. After her death, the property in Bonnie's joint accounts became the sole property of defendant, not passing through her estate. The parties filed the inventory on 8 May 2000 and the final account on 15 February 2001, closing the estate.

On 17 October 2002, Gussie revoked her prior power-of-attorney naming defendant her attorney-in-fact and appointed plaintiff as her attorney-in-fact, executed a new will and cancelled her joint accounts with defendant. On 17 December 2002, plaintiff reopened Bonnie's estate and instituted this suit the following day seeking recovery of the property from Bonnie's joint accounts from defendant, individually, rather than as co-executor. The majority of the recovery would go to the estate of Gussie, who died on 8 December 2004 subsequent to the filing of this action.

Plaintiff first argues that the court erred in granting summary judgment to defendant and denying same to plaintiff. We disagree.

On appeal from summary judgment, our standard of review is

whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law.

*Wilmington Star News v. New Hanover Regional Medical Center*, 125 N.C. App. 174, 178, 480 S.E.2d 53, 55, *appeal dismissed*, 346 N.C. 557, 488 S.E.2d 826 (1997). Further, the evidence presented by the parties must be viewed in the light most favorable to the non-movant. *Id.* The court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990).

*Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). Issues of credibility are usually for the jury, and not properly decided on summary judgment. *Lewis v. Blackman*, 116 N.C. App. 414, 418-19, 448 S.E.2d 133, 136 (1994).

An attorney-in-fact serves as an agent to his principal. *Honeycutt v. Farmers & Merchants Bank*, 126 N.C. App. 816, 818, 487 S.E.2d 166, 167 (1997).

> An agent is a fiduciary with respect to matters within the scope of his agency. In an agency relationship, at least in the case of an agent with the power to manage all the principal's property, it is sufficient to raise a presumption of fraud when the principal transfers property to the agent. Self dealing by the agent is prohibited.

*Id.* at 820, 487 S.E.2d at 168 (internal citations omitted). When circumstances establish a presumption of fraud, the burden is upon the fiduciary to show that the transaction was open, fair, honest and a voluntary act by the principal. *McNeill v. McNeill*, 223 N.C. 178, 181, 25 S.E.2d 615, 616-17 (1943).

> When a fiduciary relation exists between parties to a transaction, equity raises a presumption of fraud when the superior party obtains a possible benefit. 37 *Am. Jur. 2d* Fraud and Deceit § 442, at 602 (1968). "This presumption arises not so much because [the fiduciary] has committed a fraud, but [because] he may have done so." *Atkins v. Withers*, 94 N.C. 581, 590 (1886). The superior party may rebut the presumption by showing, for example, "that the confidence reposed in him was not abused, but that the other party acted on independent advice." 37 *Am. Jur. 2d* Fraud and Deceit § 442, at 603. *Once rebutted, the presumption evaporates,*

*and the accusing party must shoulder the burden of producing actual evidence of fraud.*

*Watts v. Cumberland County Hospital System, Inc.*, 317 N.C. 110, 116, 343 S.E.2d 879, 884 (1986) (emphasis supplied). In *Watts*,

the history of plaintiff's seeking and acquiring numerous second opinions from several other specialists dispel[ed] the presumption of reliance and intentional deceit that arises from the fiduciary relation itself.

*Id.* The Court then held that the plaintiff had "failed to produce a sufficient forecast of evidence to support a claim based upon constructive fraud." *Id.*

Here, plaintiff alleged that a presumption of fraud and undue influence on the part of defendant arose in the establishment of various joint accounts with right of survivorship or POD between defendant and Bonnie. Because defendant was a fiduciary who benefitted from his transactions with Bessie and Gussie, a presumption of fraud does arise. However, defendant's affidavit rebuts any presumption of fraud or undue influence to the other accounts. In his affidavit, defendant avers that he "never took any action on behalf of [the sisters] without their knowledge and consent," and that he never converted any assets to his own benefit or engaged in inappropriate conduct as attorney-in-fact for Bonnie and Gussie. Defendant's averment makes no exceptions and denies fraud in "any action" taken on the sisters' behalf. This statement covers defendant's actions with regard to Bonnie's Paine Webber account along with all other financial dealings. The dissent notes that while defendant's affidavit states that defendant discussed the survivorship feature of the Paine Webber account with Gussie, nowhere does it mention that this was discussed with Bonnie. However, this omission does not contradict or outweigh defendant's blanket statement quoted above. The defendant's affidavit rebutted the presumption of fraud, which "evaporate[d]", leaving plaintiff to shoulder the burden of producing actual evidence of fraud. Plaintiff here has failed to forecast any evidence of fraud. Thus, no genuine issue of fact remains and the court properly granted summary judgment to defendant and denied same to plaintiff.

Plaintiff also argues that the court erred in considering defendant's affidavit because it violates the dead man's statute. We disagree.

Dead man's statutes "exclude evidence of the acts or statements of deceased persons, since those persons are not available to

**FORBIS v. NEAL**

[175 N.C. App. 455 (2006)]

respond." *Culler v. Watts*, 67 N.C. App. 735, 737, 313 S.E.2d 917, 919 (1984) (referring to N.C. Gen. Stat. § 8-51, the predecessor to N.C. Gen. Stat. § 8C-1, Rule 601(c), the current dead man's statute). We conclude that defendant's affidavit does not violate N.C. Gen. Stat. § 8C-1, Rule 601 (2001). In any event, the trial judge is presumed to disregard incompetent evidence in making decisions. *City of Statesville v. Bowles*, 278 N.C. 497, 502, 180 S.E.2d 111, 114-15 (1971). Plaintiff does not explain what portions of defendant's affidavit supposedly violate the dead man's statute nor does she show that the court improperly considered incompetent evidence. This assignment of error is overruled.

Affirmed.

Judge JACKSON concurs.

Judge STEELMAN concurs in part and dissents in part.

STEELMAN, Judge, concurring in part and dissenting in part.

I concur with the majority opinion's holding that plaintiff has failed to show how defendant's affidavit violates N.C. Gen. Stat. § 8C-1, Rule 601 (dead man's statute). I respectfully dissent from the portion of the majority opinion holding that summary judgment was properly granted in favor of defendant as to the Paine Webber account. I concur in the granting of summary judgment as to the remaining accounts.

*Factual Background*

Bonnie Sustare Newell (Bonnie) and Gussie Lee Sustare (Gussie) were elderly sisters. Defendant was the nephew of the two sisters. On 5 November 1991 both Bonnie and Gussie executed powers of attorney naming defendant as their attorney in fact. Defendant managed the financial affairs of Bonnie until her death on 19 December 1999. Defendant managed the financial affairs of Gussie until she revoked the power of attorney on 17 October 2002. She subsequently died on 8 December 2002. Neither power of attorney contained a provision authorizing the power of attorney to make gifts on behalf of the principal. Bonnie and Gussie had wills that made a number of specific bequests, but which left the bulk of their estates to the other through residuary clauses.

FORBIS v. NEAL

[175 N.C. App. 455 (2006)]

On 26 June 1998, defendant established an account with Paine Webber with Bonnie shown as the "primary account holder." Bonnie executed none of the paperwork establishing this account, defendant signing her name in his capacity as a power of attorney. The account was set up with Bonnie and defendant as "joint tenants with rights of survivorship." At Bonnie's death, the proceeds of this account, amounting to $175,204.00, passed outside of Bonnie's will to the defendant by operation of law under the survivorship feature. In addition, $17,130.88 in dividends from the stocks held in this account inured to the benefit of defendant through the end of 2003. Defendant also established an account at Paine Webber for Gussie, which also had a survivorship feature. Gussie assumed control of this account at the time she revoked the power of attorney, and no assets from the account passed to defendant at her death.

### Question Presented

Did the trial court err in granting summary judgment in favor of defendant as to the Paine Webber account.

### Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." The moving party bears the burden of showing that no triable issue of fact exists. . . . Once the moving party has met its burden, the non-moving party must forecast evidence that demonstrates the existence of a *prima facie* case. In reviewing the evidence at summary judgment, "all inferences of fact from the proofs offered at the hearing must be drawn against the movant and in favor of the party opposing the motion."

*Southeastern Shelter Corp. v. BTU, Inc.*, 154 N.C. App. 321, 326, 572 S.E.2d 200, 204 (2002). Issues of credibility are usually issues for the jury, and not properly decided on summary judgment. *Lewis v. Blackman*, 116 N.C. App. 414, 418-19, 448 S.E.2d 133, 136 (1994). Our review of the trial court's grant or rejection of summary judgment is *de novo. Moody v. Able Outdoor, Inc.*, 169 N.C. App. 80, 83, 609 S.E.2d 259, 261 (2005).

### Fiduciary Relationship and Presumption of Fraud

A power of attorney stands in a fiduciary relationship with his or her principal, and has an obligation to act in the best interests of the

principal. *Estate of Graham v. Morrison*, 168 N.C. App. 63, 73, 607 S.E.2d 295, 302 (2005).

> This fiduciary relationship gives rise to a presumption of fraud.

> When a party, complaining of a particular transaction, such as a gift, sale, or contract, has shown to the Court the existence of a fiduciary or a confidential relation between himself and the defendant, and that the defendant occupied the position of trust or confidence therein, the law raises a . . . presumption, arising as matter of law, that the transaction brought to the notice of the Court was effected through fraud or, what comes to much the same thing, undue influence by reason of his occupying a position affording him peculiar opportunities for taking advantage of the complaining party. Having special facilities for committing fraud upon the party whose interests have been intrusted to him, the law, looking to the frailty of human nature, requires the party in the superior situation to show that his action has been honest and honorable." This presumption is raised where there have been dealings between the parties, because of the advantage which the situation of the parties respectively gives to one over the other. The doctrine rests on the idea, not that there actually was, but that there may have been fraud, and an artificial effect is given to the fiduciary relation beyond its natural tendency to produce belief of the fact that fraud really existed.

*Smith v. Moore*, 142 N.C. 277, 296, 55 S.E. 275, 281 (1906).

> When circumstances establish a presumption of fraud, the burden is upon the fiduciary to show that the transaction was open, fair, honest and a voluntary act by the principal. *McNeill v. McNeill*, 223 N.C. 178, 181, 25 S.E.2d 615, 616-17 (1943).

In the instant case, defendant stood in a fiduciary relationship with Bonnie. The evidence before the court on summary judgment showed that the Paine Webber account was established in order to allow defendant, as power of attorney, to sell stocks owned by Bonnie to pay for her living expenses in a nursing home. Setting up this account as a joint tenancy with rights of survivorship inuring to the benefit of defendant was not required to fulfill this purpose. This designation was in fact a gift of a valuable interest in the property of Bonnie to defendant by the defendant, acting as power of attorney. These facts are sufficient to raise a presumption of fraud before the trial court.

*Affidavit of Defendant*

The majority asserts that defendant's affidavit rebutted the presumption of fraud and that it was proper for the trial court to enter summary judgment in favor of defendant. This analysis is untenable for two reasons. First, it improperly resolves issues of credibility at the summary judgment stage of the proceedings. Second, it confuses the manner in which presumptions are to be handled at trial under Rule of Evidence 301 with the applicable standard for granting summary judgment under Rule 56 of the Rules of Civil Procedure.

The majority relies upon the blanket assertion in defendant's affidavit that he "never took any action on behalf of [the sisters] without their knowledge and consent," and that he never converted any assets to his own benefit or engaged in inappropriate conduct as attorney in fact for Bonnie and Gussie. Based upon these assertions the majority concludes that defendant rebutted the presumption of fraud.

It is not the role of the trial court to resolve issues of credibility on a motion for summary judgment. *Lewis*, 116 N.C. App. at 418-19, 448 S.E.2d at 136. A close examination of defendant's affidavit reveals questions concerning the opening of the Paine Webber account for Bonnie:

31. On June 26, 1998, an account was opened for Bonnie with Paine Webber (hereinafter "PW"), that named me as the joint account holder.

32. This PW account was opened to facilitate the periodic sale of BB&T stock owned by Bonnie so that the proceeds of those sales could be used to pay her living expenses.

34. Guss instructed me to establish a Paine Webber account for her that was identical to Bonnie's PW account. I discussed with her the fact that Bonnie's account was a joint account with a right of survivorship, and again explained what that meant.

While the affidavit states that defendant discussed the survivorship feature of the Paine Webber account with Gussie, nowhere does it mention that this was discussed with Bonnie.

I would hold that the trial court resolved issues of the defendant's credibility and improperly granted summary judgment as to the Paine Webber account.

Even assuming *arguendo* that defendant has successfully rebutted the presumption of fraud, that does not provide a basis for

**FORBIS v. NEAL**

[175 N.C. App. 455 (2006)]

upholding the trial court's granting of summary judgment on this issue. Because defendant was acting in a fiduciary capacity when he was made a joint owner with right of survivorship on the Paine Webber account, he had an *additional* burden to succeed on summary judgment, not an entirely *different* burden, and certainly not a *reduced* burden. According to Rule 301: "When the burden of producing evidence to meet a presumption is satisfied, the court must instruct the jury that it may, but is not required to, infer the existence of the presumed fact from the proved fact." N.C. Gen. Stat. § 8C-1, Rule 301. Defendant does not prevail on this issue simply because he rebuts the presumption of fraud; the presumption merely evaporates. *Watts v. Cumberland County Hospital System, Inc.*, 317 N.C. 110, 116, 343 S.E.2d 879, 884 (1986); *Estate of Smith by & Through Smith v. Underwood*, 127 N.C. App. 1, 9-10, 487 S.E.2d 807, 812-13 (1997) (rebuttal of presumption is not an affirmative defense to constructive fraud). Once the presumption evaporates, the trial court must still determine if the evidence establishes a *prima facie* case, and "must consider all the presented evidence 'in a light most favorable to the nonmoving party,' and 'all inferences of fact must be drawn against the movant and in favor of the nonmovant[.]' " *DeWitt v. Eveready Battery Co.*, 355 N.C. 672, 682, 565 S.E.2d 140, 146 (2002).

I believe plaintiffs have alleged facts and circumstances establishing a *prima facie* case of constructive fraud, in that

> viewing the foregoing evidence in the light most favorable to plaintiffs, [the trial court] could not properly conclude as a matter of law that plaintiffs have not shown "the slightest trace of undue influence or unfair advantage . . ." by defendant in the [transaction]. Plaintiffs have alleged and established sufficient facts and circumstances to satisfy the . . . requirements for maintaining an action for constructive fraud based on breach of a confidential relationship.

*Brisson v. Williams*, 82 N.C. App. 53, 59, 345 S.E.2d 432, 436 (1986).

Were we to allow defendant to succeed on summary judgment simply because he rebutted the presumption of fraud, we would in effect be reducing defendant's burden on summary judgment from the established burden of proving no genuine issue of material fact, viewing all evidence in the light most favorable to the non-moving party, N.C. Gen. Stat. § 1A-1, Rule 56(c), to the much less demanding burden of presenting evidence in rebuttal equal in weight to that of plaintiffs, *In re Will of Campbell*, 155 N.C. App. 441, 451-52, 573 S.E.2d 550, 558

(2002). Under this scheme, fiduciaries accused of defrauding their principals would be required to make a much lesser showing to succeed on summary judgment than those who have no fiduciary obligation. I am not prepared to endorse this outcome.

Further, the power of attorney did not specifically grant defendant the authority to make gifts of Bonnie's property, and he was therefore prohibited from doing so. *Whitford v. Pittman*, 345 N.C. 475, 480 S.E.2d 690 (1997); *Honeycutt v. Farmers & Merchants Bank*, 126 N.C. App. 816, 820, 487 S.E.2d 166, 168 (1997). He was certainly not authorized to make gifts to himself. It is undisputed that Bonnie did not sign the application for the Paine Webber account, and defendant signed it as her attorney in fact. If defendant made gifts of Bonnie's property, he was in breach of his fiduciary duty, and thus committed constructive fraud. *Compton v. Kirby*, 157 N.C. App. 1, 16, 577 S.E.2d 905, 914-15 (2003). I believe these issues need to be decided by the trier of fact, and that summary judgment was improperly granted.

I have thoroughly reviewed defendant's additional arguments in support of summary judgment on this issue, and find them unconvincing. I would hold that the trial court erred in granting summary judgment as to the Paine Webber account, and would remand for further proceedings.